FUNKHOUSER & POTTLE, Plaintiffs in Error, *vs.* How, Defendant in Error.

1. Where a person seeks to recover money wrongfully obtained by the defendant under color of judicial proceedings, his petition must contain such averments as will exclude the idea that the money could have been lawfully obtained.

*Error to St. Louis Court of Common Pleas.*

The petition stated that, on the 16th of April, 1850, Thos. Crew, for his own benefit, caused the life of Jacob Lesher to be insured by the Phœnix Insurance Company, in the sum of five hundred dollars, as would more fully appear by the policy, filed with and made a part of the petition; that on or about the 1st of March, 1851, and while the policy was subsisting,

Lesher departed this life within the terms of the policy, so that Crew became entitled to receive from the Insurance Company said sum of five hundred dollars; that on the 3d of July, 1851, said Thomas Crew assigned the policy and all his inter-- est therein to Micajah B. Crew, and on the 2d day of August, 1851, said Micajah assigned the same to the plaintiffs, which assignments would appear on the policy filed with the petition; that afterwards, and about the 1st of May, 1852, the defendant, under color of some judicial proceedings, to which neither said Micajah nor the plaintiffs were parties, wrongfully and unjustly required and compelled said Insurance Company to pay to him said sum of five hundred dollars, and received said sum in discharge of the obligation of said company under the charter. Plaintiffs stated that said sum of money of right belonged to them, and had never been paid to them, and they asked judgment for the same with interest.

To this petition, the defendant demurred, on the ground that it set forth no cause of action. The court below sustained the demurrer, and gave judgment for the defendant. The plaintiff brings the case here by writ of error.

*R. M. Field*, for plaintiffs in error. 1. A cause of action was shown in the petition, in this, that the defendant had wrongfully obtained from the debtor of the plaintiffs money to which they were justly entitled. They were at liberty to treat the payment as made to the defendant for their use. 2. The truth of the case is, that the defendant obtained the money from the Insurance Company upon garnishment process commenced after the assignment of the policy to the plaintiffs, and under a judgment rendered against the garnishee, after the defendant had notice of the assignment. Under these circumstances, the defendant cannot hold the money from plaintiffs. This very point was decided in *Quarles & Thompson* v. *Porter*, 12 Mo. R. 83. See also to same effect, *Bank* v. *McCall*, 3 Binn. 338. *Enos* v. *Tuttle*, 3 Conn. 27. *West* v. *Tupper*, 1 Bailey (S. C.) 193. It is no answer to say that the garnishee is still liable to the plaintiffs. The case is like that

Funkhouser et al., v. How.

of a debtor paying to a person not authorized by the creditor to receive payment. The creditor may elect to sue the debtor, or by affirming the judgment, recover the amount from the person receiving it without authority.

*Krum & Harding*, for defendant in error. The demurrer was properly sustained. 1. No assignment is averred, because the writings relied on as an assignment do not in law amount to an assignment, being mere orders. 2. The petition does not show any fraud or want of jurisdiction in the judicial proceedings under which the defendant compelled the Insurance Company to pay the debt to him. The mere averment that it was "under *color* of some judicial proceeding" is not sufficient.

RYLAND, Judge, delivered the opinion of the court.

From the statement herein, if a state of facts could exist not inconsistent therewith, by which How could lawfully have collected the money, then these plaintiffs cannot recover in this action. The demurrer, then, would have been properly sustained. Let us see. The insurance policy was obtained on the 16th of April, 1850, for two years, on the life of Lesher. Some time about the 1st of March, 1851, Lesher died. The Insurance Company then became liable to pay, but, by the terms, could not be forced to pay until the expiration of sixty days from notice of death. Now on the 3d of July, 1851, Thomas Crew assigned the policy to Micajah B. Crew; on the 2d of August, Micajah B. Crew assigned the policy to the plaintiffs. Afterwards, the defendant, under color of judicial proceedings, *to which neither Micajah nor the plaintiffs were parties*, wrongfully and unjustly required and compelled the Insurance Company, about the 1st of May, 1852, to pay to him the five hundred dollars, and he received the same in discharge of the obligation of said company.

Now might it not well have been, that the defendant, How, commenced this proceeding of garnishing the Insurance Com-

pany, and giving notice thereof to Thomas Crew previous to his assignment, although the money was not paid until about the 1st of May, 1852, and although Micajah B. Crew and the plaintiffs had no notice of these proceedings. If this could be so, then the company might have lawfully paid this money. I only state, this is not inconsistent with the plaintiffs' petition, for they have not averred the want of notice to Thomas Crew, the original payee and holder of the policy; nor have they averred that the proceedings at law under color of which the defendant unjustly and wrongfully obtained the money, were commenced after the policy had been assigned to Micajah, or after it had been assigned to the plaintiffs. For what appears on the petition, it may well have been, then, that How received this money by virtue of a proceeding begun before Micajah B. Crew or the plaintiffs had any interest therein, or had any notice of such proceeding.

There is nothing of weight in the objection as to the form or mode or phraseology of the assignment; but, because it is possible a state of facts could exist not inconsistent with the facts contained in the petition, by which How could lawfully have received the money from the Insurance Company, and, consequently, a payment by them have protected the company, the petition did not contain a sufficient cause of action against How. The judgment of the court below must, therefore, be affirmed—and the other judges concurring herein, the same is affirmed.