Marmaduke v. McMasters.

———◦◦◦◦———

Marmaduke, Respondent, v. McMasters, et al., Appellants.

1. Where a cause is tried by the court without a jury, there should be a finding of the facts by the court.
2. Quere, whether a garnishee who fails to set up in his answer, as a defence to the garnishment, the fact of a previous assignment of the debt by the defendant in the attachment, for the reason that he had no notice of such assignment, is entitled to relief against a judgment against himself for the debt in favor of the plaintiff in the attachment.

*Appeal from Hannibal Court of Common Pleas.*

The facts sufficiently appear in the opinion of the court.
*Wm. M. Cooke*, for appellants.
*Richmond*, for respondent.

LEONARD, Judge, delivered the opinion of the court.

This was a petition by a garnishee for relief by injunction against a judgment recovered against him, in favor of an execution plaintiff, upon the ground that the note, by virtue of which his indebtedness existed, had been transferred before the garnishment, and that, having *no notice* of the fact, he had failed to rely upon it in his answer. The assignee is a party to the suit, and, on a trial before the court, the judgment against the garnishee was perpetually enjoined, and the present plaintiff decreed to pay the money to the assignee ; but there is no finding of the facts, and for this reason the judgment must be reversed and the cause remanded.

We had occasion in the recent case of Funkhouser and others v. How (see ante, p. 44,) to consider the rights and liabilities of attaching creditors in a case somewhat similar to the present, and a majority of the court then held that the attaching creditor had a right to retain the money recovered in good faith against the garnishee, and *paid over to him*, against an assignee, although he had notice during the pendency of the suit of the alleged assignment. The decision was confined to the facts of the case, and it is to be observed, as already stated, that the money had been *paid over* pursuant to the sentence, and the garnishee, *at the time he answered, had notice of the assignment*, and failed to rely upon it in his defence. In the present case, the garnishee himself seeks to be relieved against the recovery, on the alleged ground of his ignorance of the assignment and consequent failure to set it up in answer to the garnishment. Judge Tucker, in his Commentaries, (2 vol. 107,) maintains that it is the duty of the garnishee, if he have notice at any time before the money is paid over, although after judgment, to institute proceedings to prevent the execution of the sentence, and that if he fail to do so, he will be liable. This assumes that if the garnishee first come to the knowledge of the assignment after judgment against him, he is entitled to be relieved against the *execution of the sentence ;* but whether

this court would go that length in relieving a garnishee, without notice of the assignment, and therefore without fault, or would hold that the rights of the attaching creditor and garnishee were fixed by the judgment obtained in good faith and without collusion, is left for future discussion and decision, when the necessary facts shall be found and brought before the court, if it should then arise in the case. All of us concur in reversing the judgment on the ground already suggested; and it is a cordingly reversed and the cause remanded.