CHARLES PERRY *et al.*, Respondents, *v.* JOHN SITER *et als.*, Appellants.

1. *Equity—Note—Injunction.*—A court of equity will enjoin the collection of a judgment recovered upon a note over-due by parties to whom it has been endorsed for collection only, and who thus hold the legal title, in favor of the maker who has paid or settled the amount due upon the note with the beneficial owners thereof, even as against an assignee of the suit.  The assignee is bound to make inquiry into the title of his assignors.
2. *Witness—Note.*—The endorser of a note is a competent witness to prove that the note was endorsed without any consideration paid or given, and merely for collection.
3. *Evidence—Deposition.*—A copy of the testimony given by a deceased witness, upon the taking of his deposition, although signed by the witness himself, is not admissible in evidence when no notice was given of the taking of the deposition, nor opportunity allowed for cross-examination.

*Appeal from Platte Circuit Court.*

*Merryman, Spratt & Burnes*, for appellants.

I. The court improperly overruled the objection of defendants to Hart's deposition. (Caldwell v. Garner, 31 Mo. 133; Parrish v. Frampton, 32 Mo. 397; Bruce to use, &c., v. Sims et al., 34 Mo. 246; R. C. 1855, § 6, pp. 1577–8.)

II. The court improperly overruled defendants' objections to Hooper's deposition.  (See authorities above cited.)

III. The court improperly overruled defendants' objections to Cummings and Clayler's deposition relating to the affidavit or deposition of Williams.  There is no evidence proving, or tending to prove, that Williams' original deposition was taken in conformity to law.

IV. The court improperly admitted in evidence the copy of Williams' deposition.  There is no evidence that the original was taken according to law, or that it was lost, or that plaintiffs had made any effort to find it.  No foundation was laid for the introduction of the copy. (1 Greenl. Ev. § 558.)

V. The judgment on the evidence should have been for defendants. (Strong v. Hopkins, 1 Mo. 377 ; Adams' Eq. 460 ; Simpson v. Hart, 1 Johns. Ch. 97.)

VI. The judgment in the case should have been arrested. The facts stated in the petition do not constitute a cause of action. (See authorities referred to under last point, and Creath, Adm'r, v. Sims, 5 How. 192 ; Sample v. Barnes, 16 How. 70.)

Points and authorities for respondents :

Hart never was an assignor within the meaning of the act of the Legislature concerning witnesses. That act was only intended to exclude the assignor of a note or an account from testifying in favor of the holder to facts occurring anterior to the assignment. It was never intended that he should be excluded from testifying in favor of the adverse party in interest if called on by such party ; if so, a man could always defeat a defence to a note payable to himself by assigning it to a third person, and thereby depriving the defendant from the right to call on him to testify. (R. C. 1855, §§ 3 & 6, p. 1577; Parrish v. Frampton et al., 32 Mo. 396.)

The evidence given by the witnesses did not tend to change the nature or effect of the words used in the assignment, but only showed the consideration for which the assignment was made and the object of the assignment, which is admissible even in reference to instruments under seal or deeds.

The case being clearly a case where a court of chancery would interfere to prevent a great wrong and grant an injunction, the judgment of the court below should be affirmed. (Thomas v. Brashear, 4 Mo. 65 ; Teryer v. Avstell, 2 Stew. 119 ; Norton v. Wood, 22 Wend. 520, and cases cited ; Pickett v. Morris, 2 Wash., Va., 255 ; Hord v. Dishman, 5 Call. 279 ; Matson v. Field et al., 10 Mo. 100.)

In this case Perry was prevented from making his defence at law by the act of the defendant, or of the real party in interest in the transaction. Perry had no right to suppose

that Belt, Coleman & Co. would fraudulently set up claim to the debt paid by him. (Taylor v. Wood, 2 Hay. 332.)

HOLMES, Judge, delivered the opinion of the court.

This was a petition in the nature of a bill in equity for an injunction to restrain the execution of a judgment at law. On a final hearing, the injunction was made perpetual. The principal matter to be decided is, whether the evidence in the case sustained the decree that was rendered in the court below. There are also some questions relating to the admissibility of evidence, which will be considered in the proper place. The most material facts may be stated as follows :— The plaintiffs had executed a promissory note to the firm of Hooper & Williams of Great Salt Lake City, in Utah, drawn payable to them. This note was endorsed in blank, and sent to their agent in the city of St. Louis for collection at a banking-house where it was made payable. Being protested for non-payment, the agent at St. Louis, under instructions from the owner of the note, sent it to the firm of Belt, Coleman & Co. of Weston, Mo., endorsed in blank for collection, where it was put in suit by them, in their own names, against the makers, the plaintiffs herein. The petition alleges that these endorsements were made for the mere purpose of collection, for the benefit of the payees, and without any valuable consideration moving from the endorsees or either of them. The answer denies this, and avers that the assignments were severally made for a valuable consideration, and that all interest in the note was transferred to the said firm of Belt, Coleman & Co. The evidence that was admissible and competent on the part of the plaintiffs would seem to have been amply sufficient to establish the fact that the endorsements had been made for the purpose of collection only ; and no evidence was introduced by the defendants to prove the contrary. There is nothing in the evidence to show that any actual consideration was paid by this firm for the note. It appears that the payees of the note had been indebted to that firm on a note of some four thousand dollars, which had been sent to an

agent in Utah for collection, and that the note had been there paid and taken up, leaving no other indebtedness between the parties unsettled, and that this was done sometime in the fall of the year 1858. Judgment was obtained in the suit against these plaintiffs, in the Weston Court of Common Pleas, on the note, in favor of Belt, Coleman & Co., for the sum of fourteen hundred and ninety-six dollars and fifty-six cents, on the 18th day of October, 1858. In the meantime, the plaintiffs had paid some part of the debt, and had entered into an arrangement with the payees in Utah, the result of which was that a letter of instructions was addressed by them to the attorneys having charge of the suit, whereby they were directed to send the note or the judgment (if one had been obtained) to them for final settlement there. The attorneys declined to do this; and it further appears that Belt, Coleman & Co. being largely in debt to the firm of Siter, Price & Co. of Weston, and claiming or pretending to be the holders of this note for a valuable consideration paid by them, executed and delivered to them a written paper dated the 8th of September, 1857, whereby they purported to assign to them all their right and interest in this note and the judgment that should be obtained on it, "for value received." One of the attorneys, who fairly admitted that he was interested indirectly in the result of this suit, stated that the assignment was made to satisfy the indebtedness of Belt, Coleman & Co. to the other defendants. He also stated that Thomas S. Williams, in his lifetime, admitted to him that the proceeds of the note were to be applied to the payment of the note of four thousand dollars then due from Hooper & Williams to Belt, Coleman & Co.; but when that note was fully paid off, all right on their part to make such an application of the note in question here would certainly cease, even if any such right had existed before. The note was over-due, and if the firm of Siter, Price & Co. did not have actual knowledge of the fact that the note was in the hands of Belt, Coleman & Co. for the purpose of collection only, and was in suit for the benefit of the real parties in interest,

they were at least bound to make inquiry into the title of their assignors, and to see that they had a lawful right to make that disposition of the note.

It is not the case of negotiable paper endorsed for value without notice, before due, whether for an actual and valuable consideration paid, or in payment of a pre-existing debt. The note itself is not delivered; the judgment is not assigned, but only the suit, with authority to receive the proceeds on execution; and execution is now taken out in the names of Belt, Coleman & Co., the agents of the payees, to their use. These agents became insolvent. The plaintiffs had made an arrangement with the payees, the real parties in interest, for the settlement of the balance that remained due upon the note; and these insolvent agents and their attorneys refuse to obey express instructions from them to send the note or the judgment to them for that purpose, but proceed to take out execution on the judgment to the use of the parties who have no just or lawful title to the money. The evidence does not show that the plaintiffs had fully paid the note, but it does show that they had made a satisfactory arrangement with the payees, the real owners; and this execution was issued in violation of their express instructions. Not to stay this execution would be to allow a fraud to be consummated, and to compel an innocent party to pay a debt twice.

It is claimed on the part of the defendants that the plaintiffs had had an opportunity to make the defence of payment on the trial at law; and that, having failed to do so, they cannot now invoke the aid of a court of equity for relief, which would be equivalent to the granting of a new trial. And if the case were, that the real parties in interest in this judgment were now seeking to enforce it by execution against these plaintiffs, denying payment altogether, it might very well be held that they had lost by their negligence all title to equitable relief; and such would be the situation of the defendants here if they had shown themselves to be *bona fide* owners of this judgment, or purchasers for a valuable consideration, without notice or knowledge of such facts and

circumstances as ought to put an honest man upon inquiry. But the record does not show that the matter has been tried at law, nor that the plaintiffs have ever had an opportunity to make proof of the payment of the debt, or any part of it. It appears that for this purpose the defendants offered in evidence, against exceptions of the plaintiffs, a copy of the petition and answer in the suit at law, but nothing more. This was not enough : the whole record should have been offered.

But, in the view we had taken of the case, the result would be the same even if such a record appeared. We place the plaintiffs' title to redress on the ground of fraud. They are entitled to have the defendants enjoined from making a fraudulent use of legal process to their injury by enforcing execution against their property for a debt which is shown to have been paid, at least in part, and to which the defendants are proved to have no title in law or equity.

We have not regarded the testimony of Thomas S. Williams as admissible. The deposition was proved to be a duplicate of the original, signed by the witness himself, containing what was sworn to by him, and it appeared that he was since deceased. But it does not appear that the other party had any notice of the time and place of the taking of the deposition, nor that there was any opportunity for cross-examination ; and the deposition is not certified as the law requires, but as an affidavit merely. This evidence was clearly inadmissible, and should have been excluded. The objections were not waived.

Objections were made to other depositions on the ground that the witnesses were endorsers of the note and were prior assignors, and that they spoke of facts or transactions which took place anterior to the several assignments. So far as this objection was true in fact, it was well taken ; but this would not exclude the more material facts of the testimony, if the objections were fully admitted.

It was further objected that an assignor of a note endorsed in blank for collection merely could not be a witness to prove that fact, or that there was no actual consideration moving

from the assignee that would create a beneficial interest in him, for the reason that the statute which provides that no "grantor, vendor, or assignor, in any deed, instrument or writing affecting property, real, personal or mixed, or any claim or right therein or therefrom, shall be a competent witness to alter, change, or qualify, the proper effect and operation of the words and terms of such deed, instrument, or writing," (R. C. 1855, p. 1578, § 6,) would exclude such evidence. We are not aware than any decision has gone so far. A blank endorsement carries with it authority to the endorsee to fill up the blank with an assignment in full to himself, and it imports a valuable consideration so far as to vest the legal title to the note in the assignee. It makes a *prima facie* case only. The beneficial interest depends upon the actual consideration; and that is an extrinsic fact. An inquiry into that fact would not necessarily involve any alteration, change, qualification, or contradiction of the words and terms of the written instrument. They stand for what they are; and while they vest a legal title, it may still be true that the whole beneficial interest and the actual ownership is in another. The statute seems to have been based upon the general principle of law, that parol evidence shall not be admissible to vary, alter, or contradict, a written instrument. Its object would seem to be to deprive an assignor of the power of destroying by his evidence the effect and operation of his own written instrument. We see no reason for extending the force of the statute beyond its plain and obvious purport; nor do we think it was intended to apply to a mere endorser of a note in blank for collection only. Such a construction might go far to enable an unfaithful agent to defraud his principal.

There were some other objections to the several depositions which it is not deemed material to notice. On the whole record, though some points have not been free of difficulty, we have not found any substantial grounds on which we could venture to declare the judgment of the court below erroneous in respect of the relief granted; and we are in-

State to use, &c., v. Shacklett et al.

clined to think the just rights of the parties will be more equitably adjusted by allowing the decree to stand.

Judgment affirmed. Judge Wagner concurs; Judge Lovelace absent.