JOSEPH WEIL AND MAX WEIL, Respondents, *v.* C. H. TYLER, GARN., &c., Appellant.

1. *Attachment — Garnishee — Judgment—Estoppel.*—A judgment against a garnishee in a suit by attachment, or under an execution, will not protect him against a subsequent recovery in favor of one who had previously to the garnishment taken an assignment of the debt from the defendant.

2. *Attachment—Garnishee—Note.*—Where the garnishee by his answer admits that he had given a note to the defendant, but also stated that he did not know who held the note at the date of the garnishment, the ownership of the note is a material issue in the case, and the burden of proof is upon the plaintiff to show that at the service of the garnishment the defendant was the owner and holder of the note.

3. *Witness—Note—Assignor.*—The assignor of a note is a competent witness to prove the consideration of the assignment—Perry v. Siter et als., 37 Mo. 279, affirmed.

*Appeal from St. Louis Law Commissioner's Court.*

Plaintiffs sued defendant upon a note executed to H. Buching and assigned to the plaintiffs. The defence was, that the defendant had been summoned as a garnishee of the payee of the note upon judgments obtained before a justice of the peace, and that judgments had been rendered against him as garnishee, which he had paid. The record from the justice's court showed that the defendant had answered to the garnishment, admitting the execution of the note, but stating that he did not know who was the holder of the note at the time he was garnished. There was no denial of this answer, but upon it judgment was rendered against the garnishee, which he paid.

The assignment of the note to the plaintiff was also denied, and the assignor, Buching, was offered as a witness to prove that at the date of the garnishment he was the owner of the note, and that there was no consideration for the assignment. The witness was excluded, and judgment given for plaintiffs, and defendant appealed.

*S. A. Holmes* and *Chapin*, for appellant.

*Davis & Evans*, for respondents.

·Holmes, ·Judge, delivered the opinion of the court.

The questions presented in this case must be considered as already determined by the previous decisions of this court. It has been repeatedly decided that a judgment against a garnishee in an attachment, or on execution, will not protect him against a subsequent recovery in favor of one who had previously to the garnishment taken an assignment of the debt from the defendant debtor—Dobbins v. Hyde, 37 Mo. 114; Funkhouser v. How, 24 Mo. 44.

The fact of the ownership of the note by such defendant debtor at the time of the garnishment is held to be involved in the issue to be tried on the answer of the garnishee in such cases, and that the judgment rendered therein will be binding upon the parties to the proceeding.

The judgment rendered against the garnishee, as it appears by the transcript offered in evidence, was manifestly erroneous. Judgments were given upon the answers of the garnishee alone; these answers did not show or admit an indebtedness to the defendant debtor, but stated distinctly that he did not know who was at that time the holder and owner of the note. This note was a negotiable note, possessing a qualified negotiability under the statute—Labadie v. Chouteau, 37 Mo. 413.

As regards liability to garnishment, a note of this kind stands of the same footing with negotiable paper (St. Louis Perpet. Ins. Co. v. Cohen, 9 Mo. 421); and the burden was thrown upon the plaintiff to establish affirmatively by evidence the fact that the execution debtor was, at the date of the garnishment, the holder and owner of the note; for otherwise the garnishment did not arrest the debt in the hands of the garnishee—Funkhouser v. How, 24 Mo. 44 ; Drake on Attach. (3d ed.) § 579.

The statute declares that no person shall be charged as garnishee on a promissory note, bill, draft, or other security in its nature negotiable, unless it be shown at the hearing that such note, bill, draft, or other security, was the prop-

erty of the defendant when the garnishee was summoned—
R. C. 1855, p. 247, § 27.

This note had been assigned to the plaintiff before the
garnishments, and the garnishee was liable on the note to
such assignee, and not to the execution debtor, provided that
such assignment had been actually made. The plaintiff in
those cases was bound to deny the answers, and make an
issue for trial of the fact of ownership of the note at the date
of the garnishment, and to establish that fact by affirmative
proof before he could be entitled to judgment against the
garnishee. The statute authorizes the justice to render a
judgment upon the answer of the garnishee alone only in
cases where it appears by the answer that the garnishee is
indebted to the defendant debtor. But the garnishee, as it
would appear, took no exception or appeal, but paid the judg-
ments. It is plain that these judgments could be no bar to
any right which the assignee (plaintiff here) might have to
recover the debt against the maker of the note. He was no
party to those proceedings; and if the garnishee, by his own
laches, allowed judgments to go against him, and paid them
up without exception or appeal, the result may be that he
will have to pay the debt twice. Nevertheless, it was com-
petent for the defendant to dispute the plaintiff's title to
recover, by showing that he had paid the debt under the
garnishments served on him while the defendant debtor was
still the owner of the note; and this brings up the question
upon the exclusion of the testimony of the assignor of the
note to the plaintiff in reference to the consideration of the
assignment. The defendant proposes to prove that there was
no consideration for the assignment, and that the beneficial
interest in the note still belonged to the assignor (the execu-
tion debtor) at the date of the garnishments. Now, so far
as the consideration was concerned, we think that this testi-
mony was admissible.

This subject was examined in Perry v. Siter, 37 Mo. 279,
and it was there held that the actual consideration was
a fact extrinsic to the writing, and that an inquiry into the

consideration did not necessarily involve any alteration, change, qualification or contradiction to the written instrument, but merely tended to show what party had the beneficial interest and actual ownership of the note. If this note really belonged to the defendant in the executions at the time of the garnishments, it was subject to the garnishee process, and was arrested in his hands as his property, notwithstanding the naked legal title may have been transferred to the plaintiff. This evidence, therefore, should have been admitted.

The judgment will be reversed and the cause remanded. The other judges concur.