JOHN BYRNE, JR., Appellant, v. THEODORE H. BECKER et al., Respondents.

1. *Witnesses — Deed of Trust—Testimony of Maker — Incompetency of, under Statute.*— Under the second subdivision of section six of the act concerning witnesses (R. C. 1855, p. 1578), testimony of the maker of a deed of trust, tending to show that the amount of his indebtedness to the beneficiaries in the deed was ,not correctly set out, or that a large portion of it was the amount of an order for goods never delivered to him, and that, by the advice and direction of the parties for whose benefit the deeds were executed, this sum was falsely stated for the purpose of deterring his other creditors from proceeding against his property, was incompetent.

2. *Attachment—Deed of Trust—Intent of Maker to hinder and delay not participated in by Beneficiaries.* — An intent on the part of the maker of a deed of trust, in the execution of the instrument, to hinder, delay, or defraud his creditors, unless such intent was participated in by the beneficiaries in the deed, does not render it fraudulent and void.

*Appeal from St. Louis Circuit Court.*

This suit is brought, on the ground of fraud, to annul the title of defendant to a piece of realty in the city of St. Louis. Both parties claim under McCarthy: plaintiff, under a judgment in attachment; respondents, under a voluntary deed of trust made prior to the attachment, and a sale under the deed subsequent to the attachment. McCarthy kept a shoe-store on Market street, and also owned the realty in dispute. On the 22d of October, 1859, McCarthy executed two deeds of trust to Joseph W. Werner, as trustee of Douglass, Gazzam & Co. — the one conveying all the goods in his store, the other the realty in dispute — both to secure the same set of notes. At the sale under the realty deed of trust, Becker became the purchaser.

Other facts in the case appear in the opinion of the court.

On the trial, plaintiff asked for the following instructions, which the court refused, and plaintiff then and there excepted:

1. If the jury believe from the evidence that the deed of Robt. E. McCarthy to Werner, trustee of Douglass, Gazzam & Co., on the house and lot in controversy, was with the intent to hinder, delay, and defraud the creditors of McCarthy, and that at the date of its execution the indebtedness through which plaintiff acquired title existed, then the deed is inoperative to bar the rights of plaintiff, and the jury will find accordingly.

2. If the jury believe from the evidence that, at the time of the deed of trust given by Robert Emmet McCarthy to Werner, as trustee of Douglass, Gazzam & Co., on the house and lot, the subject matter of this litigation, the said McCarthy was justly indebted to Douglass, Gazzam & Co., but in a sum less than that secured by said deed of trust — but that the debt so secured was for a larger sum than the amount really due, and that it was so made with the intent to secure to said McCarthy the advantage of future purchases to be made by him of Douglass, Gazzam & Co., and with the intent to hinder, delay, or defraud the creditors of said McCarthy — then the transaction is fraudulent, and the jury should find accordingly.

3. If the jury believe from the evidence that the conveyance

by Robert Emmet McCarthy to Werner, as trustee of Douglass, Gazzam & Co., on the house and lot, the subject matter of this suit, was not made in good faith, but with the intent to hinder, delay, or defraud creditors of said McCarthy, they should find the issue for the plaintiff.

The only instruction given by the court on the subject of fraud was in these words: "If the jury believe from the evidence in this cause that McCarthy, at the time he made the deeds of trust mentioned in the petition, was indebted to the plaintiff or any person other than the said Douglass, Gazzam & Co., and that such deeds were made to hinder, delay, or defraud the plaintiff or other creditors of his or their lawful demands, and that said Douglass, Gazzam & Co. knew of such fraudulent attempt, then the jury will find the first issue in the affirmative." To the giving of which plaintiff duly excepted.

The jury having found both issues in the negative, and the court having given judgment for the defendants, plaintiff in due time moved for a new trial, which having been overruled, defendant then and there excepted and brought the case here by appeal.

*A. J. P. Garesche*, and *Farish*, for appellant.

*Holmes & Martin*, for respondents.

FAGG, Judge, delivered the opinion of the court.

This was a suit instituted in the Land Court for St. Louis county by the appellant, Byrne, for the purpose of having a conveyance to the respondent, Becker, of certain property in the city of St. Louis annulled and set aside. Both parties claimed title to the property under one Robert E. McCarthy. The plaintiff's title consisted of a conveyance by the sheriff of St. Louis county to him as the purchaser of the property, at a sale under a proceeding against McCarthy by attachment. Becker claimed under a sale made by a trustee, in pursuance of a deed of trust executed prior to the attachment. Upon the pleadings in the cause, two issues of fact were, by the direction of the court, submitted to a jury. The first was, whether the deed of trust was made by McCarthy with intent to hinder, delay, or defraud his

creditors ; and, second, whether the purchase made by Becker was made under any agreement or understanding between himself and the *cestui que trusts* that he would hold the same in trust for them. Both issues being found for the defendants, judgment was accordingly rendered for them, and an appeal taken to this court. There seem to be but two grounds of objection taken to the proceedings in the court below, and we proceed to examine them in the order stated by the counsel for the appellant.

Two deeds of trust were executed bearing the same date, and both intended to secure the same indebtedness. One, executed by McCarthy and wife, conveyed the real estate in question ; and the other, by McCarthy alone, covered a stock of goods in the city of St. Louis, consisting of boots and shoes. The deposition of McCarthy was read by the plaintiff at the trial, portions of it being objected to on the part of the defendant, and excluded by the court. These portions consisted mainly of statements tending to show that the amount of his indebtedness to the beneficiaries in the deed was not correctly set out ; that a large part of it was the amount of an order for goods never delivered to him ; and that, by the advice and direction of the parties for whose benefit the deeds were executed, the sum was falsely stated for the purpose of deterring his other creditors from proceeding against his property. We think the court committed no error in excluding this evidence. By the sixth section of chapter 168, R. C. 1855, after enumerating certain classes of persons who are incompetent to testify, it is provided as follows : " Nor shall any grantor, vendor, or assignor, in any deed, instrument, or writing, affecting property, real, personal, or mixed, or any claim or right therein or therefrom, be a competent witness to alter, change, or qualify the proper effect and operation of the words and terms of such deed, instrument, or writing."

By attaching to the words used in this section their ordinary force and meaning, it seems to be clear that the testimony was incompetent. If any other construction has been given to this statute, we have been unable to find it. In the case of Bidwell *et al.* v. The St. Louis Floating Dock & Ins. Co., 40 Mo. 42, cited by appellant's counsel, the real point decided by the court was that the condition

precedent not having been complied with, the policy had no binding effect, and, therefore, that Scott, who was held to be a competent witness in the cause, did not stand in the relation of assignor to the plaintiffs. The facts in that case, as shown by the testimony of Scott and others, proved most conclusively that by his failure and neglect to perform the conditions required by the company, he lost all benefit in the policy, and, the right of the plaintiffs being simply derivative, they had acquired nothing by the deposit of the policy with them.

The case of Perry *et al.* v. Siter *et al.*, 37 Mo. 273, simply presented the question of the competency of the assignor of a note indorsed in blank, merely for collection, to prove that there was no actual consideration moving from the assignee that would cause a beneficial interest in him.

It was held that such an indorsement " imports a valuable consideration, so far as to vest the legal title to the note in the assignee. * * * * The beneficial interest depends upon the actual consideration, and that is an extrinsic fact." Hence, the conclusion arrived at in that case was that it was not intended to apply to the indorser of a note transferred in that way and for the purpose stated. Any other construction of the statute might " enable an unfaithful agent to defraud his principal." It would be an easy matter, in a case of this sort, to show how a grantor might combine and confederate with a party acquiring a subsequent claim to the property to destroy the force and effect of his own deed. It is not necessary to discuss such a proposition, nor to examine the facts shown by the record, to see whether in point of fact there was any reason to suspect such a combination in this case. It is enough that the excluded testimony comes within the express terms of the statute.

The next ground of complaint is in reference to the instructions given and refused by the court. Three declarations of law were asked by the appellant, all of which were refused. They were all based mainly upon the idea that if there was any intent upon the part of McCarthy, in the execution of the deed of trust covering the real estate in question, to hinder, delay, or defraud his creditors, whether participated in by his beneficiaries in the deed or not,

it was fraudulent and void. We are not aware that any such construction has ever been claimed for this statute. No decision of this court has been found that goes to that extent. To say that a grantee in a deed, without notice of any fraudulent intent on the part of the grantor, and wholly without evidence tending to show that he had assisted in carrying out such intent, should be compelled, as in this case, to lose the amount of his debt thereby secured, would be equivalent to saying a man should suffer the penalty of a crime which he had not committed.

The court, of its own motion, gave an instruction which required not only the finding of a fraudulent intent on the part of McCarthy, but also a knowledge of the same by the parties for whose benefit the deed was made, in order to make the transaction fraudulent and void. This presented the whole question of fraud properly to the jury, and its action must be sustained.

The jury having found the issues for the respondents under the law as declared by the court, and upon the facts proved, we shall not disturb its verdict. As to other points of objection in relation to the admission of testimony, we see nothing that would have seriously affected the minds of the jurors or changed the char-acter of the verdict.

Judge Wagner concurs in affirming the judgment. Judge Holmes, having been of counsel in the court below, did not sit.