JOHN FRANKLIN, Respondent, *v.* THE NATIONAL INSURANCE COMPANY, Appellant.

1. *Practice, Civil—Stipulation between attorneys—Demurrer—Answer, etc.—* By a written stipulation between attorneys it was agreed that defendant might withdraw his answer and file his demurrer to plaintiff's petition on condition that, in case the demurrer were overruled, final judgment should be entered thereon. *Held*, that the court properly refused defendant permission to withdraw his demurrer and the stipulation, and to file his answer to the merits on the ground of newly-discovered evidence, which, it was claimed, would support a defense. A party cannot be allowed to make an express agreement and avail himself of its advantages if it results in his favor, but not to be bound by it when it happens to prove disadvantageous.

2. *Insurance — Contract of Indemnity — Indorsement on, to pay insurance to third party, effect of.*—A contract of insurance is a contract of indemnity; and to entitle a party to recover for a loss he must generally have an interest in the premises or the property destroyed. And where an insurance company issued a policy to A., with the indorsement thereon that the loss, if any, should be paid to B., it was an admission by the company that B. had an interest in the contract, and was to receive the benefit of it.

*Appeal from St. Louis Circuit Court.*

*Ladue & Birge*, and *Thayer*, for appellant.

I. In an action to recover a loss upon a policy of insurance against fire, it must be affirmatively alleged in the petition that the insured had an insurable interest in the property at the time of insuring, and also at the time of the fire; otherwise no cause of action is shown, and the petition is demurrable. (Williams v. Ins. Co. of North America, 9 How. Pr. 365; The Saddlers' Co. v. Babcock, 2 Atk. 554; Freeman v. The Fulton Fire Ins. Co., 38 Barb. 247; Russ v. The Mutual Benefit Ins. Co., 23 N. Y. 516.) The petition alleges that John Franklin was insured, etc.; and it further alleges that in the policy it was stipulated and agreed that the loss, if any, was to be paid to P. H. French. It appears, therefore, upon the face of the amended petition, that at its very inception the policy sued on was assigned to French, and that he became vested with the entire legal interest in the contract, and so continued to be, as the petition further shows, up to the time of the fire. (Bidwell *et al.* v. St. Louis Floating Dock & Ins. Co., 40 Mo. 42; The National Ins. Co. v. Crane, 16 Md. 260; Broom v. The Roger Williams Ins. Co., 5 R. I. 394.) But the petition shows that French had no interest in the property, and could therefore sustain no loss. Consequently the derivative right which Franklin claims in the petition appears to amount to nothing, because his assignor, French, sustained no loss. (Peabody v. The Washington Mut. Ins. Co., 20 Barb. 340; Hooper v. The Hudson River Ins. Co., 17 N. Y. 424; Conover v. The Mut. Ins. Co. of Albany, 17 N. Y. 442; Ang. on Ins. § 193; Phil. on Ins. § 84; Conover v. The Mut. Ins. Co., 3 Denio, 254; Tillou *et al.* v. The Kings-

ton Mut. Ins. Co., 1 Seld. 405; Grosvenor v. The Atlantic Fire Ins. Co., 17 N. Y. 391.)

II. If the contract is one indemnifying French, he, having no interest in the property, cannot be shown to be indemnified, and neither himself nor his assignor can recover. If the contract be one insuring Franklin, and French is a person having no interest in the preservation of the property, but merely appointed to receive the money in his individual right, which is to be paid him in the event Franklin suffers a loss, then the petition shows the policy void on the ground of public policy. (Freeman v. The Fulton Fire Ins. Co., 38 Barb. 247, affirmed in case of Ross v. The Mutual Benefit Life Ins. Co., 23 N. Y. 516; and cases cited above.)

*Harding & Crane*, for respondent.

I. Respondent had the right to appoint whom he pleased to receive the money in case of loss. Insurable interest in himself is sufficient to sustain the policy. The appointment amounted to no more than an assignment after loss. The appointee could, and in this case did, by his assignment, relinquish all claim upon the fund. Or, if he had no interest in the fund, but was merely named for the purpose of enabling him to collect it for respondent's benefit, the latter could at any time have revoked the appointment, and could have sued in his own name without an assignment from French to him. (Rogers v. The Traders' Ins. Co., 6 Paige, 583; Fink v. The Hampden Ins. Co., 45 Barb. 384.) The interest insured is alleged to have been that of Franklin. There is no pretense that the company caused French to be insured. Such directions in a policy, to pay the amount of loss to particular persons, are very common, and are adopted for convenience or as giving security for a debt.

II. The court below properly refused to set aside a solemn stipulation after judgment on the demurrer had been rendered. The appellant chose to rely upon and stand by the demurrer, and his only pretense for praying that he may withdraw his stipulation amounts to nothing more than that he might have been more suc-

cessful if he had gone to trial on the facts. It would be trifling with the court and with the rights of the respondent to allow appellant's prayer.

WAGNER, Judge, delivered the opinion of the court.

This action was brought to recover on a policy of insurance issued by the appellant to one John Franklin, insuring him against loss or damage by fire on certain property. The loss, if any, by the terms of the policy was made payable to P. H. French. The policy was issued January 12, 1867, and was to continue in force three months. On the 21st of January, 1867, the property insured was destroyed by fire, and the contract at that time remained unchanged by assignment or otherwise. In the subsequent month of February the policy was assigned by French to the Union Savings Association, a banking corporation, and by the said corporation afterward assigned to the respondent. At the return term the appellant appeared and filed its answer setting up various causes of defense, and a replication was filed in due time. Application was then made for leave to withdraw the answer and demur to the petition, and a written stipulation was entered into and signed by the respective attorneys for both parties, whereby it was agreed that the appellant might withdraw its answer and interpose a demurrer to the petition; and should it be overruled, then the appellant was to allow final judgment to be entered thereon, retaining the right to appeal. The grounds assigned for demurrer were that plaintiff derived his right to sue by assignment from French; that the loss, if any, was made payable to French; that French had no interest, legal or equitable, in the property insured, either as owner or agent.

The demurrer was by the court overruled, and final judgment rendered thereon. The appellant afterward moved the court for leave to withdraw its stipulation and also its demurrer, and also for permission to answer. The reason assigned was that newly-discovered evidence had been found which would support the defense. Affidavits were filed to corroborate this statement. The motion was overruled, and exceptions were duly taken.

It is expressly admitted in this court that the written stipulation

between the attorneys was fully authorized, and was such an agreement as they had a right to make in the conduct of the suit. The appellant's attorneys were fully advised of all the facts when they went into it. They had fully answered, setting up whatever defense they had, and were given ample opportunity to establish it ; but, instead of going into the trial when both parties were ready, they supposed that they had discovered a fatal defect in the petition, and they chose to place exclusive reliance on it. They risked their own judgment on it, and if they were mistaken they ought to be held to the consequences. It was a solemn agreement, binding on both parties ; and I cannot see on what grounds, either moral or legal, it should be violated because it turned out contrary to the party's expectations. There is no pretense that it was obtained by fraud, misrepresentation, or circumvention, but, on the contrary, it was purely voluntary, open, and fair. The court had a discretion as to whether it would allow the answer to be withdrawn and the demurrer filed after the issues were made up, and it might have been induced to its course of action by the stipulation. A party cannot be allowed to make an express agreement and avail himself of its advantages if it resulted in his favor, but not be bound by it if it happens to prove disadvantageous.

As to the newly-discovered evidence, there is nothing in it which would justify a court in granting a new trial after verdict, where a regular trial had been had and the party was in a situation to avail himself of such a right.

The only issue raised by the demurrer was that French, to whom the loss, if any, was made payable, had no insurable interest in the property, and therefore the policy as to him was void. It is true that the contract of insurance is a contract of indemnity, and to entitle a party to recover for a loss he must generally have an interest in the premises or the property destroyed. But every fact and declaration must be considered as the result of design or agreement, and the interest of the parties should have effect if it can be done consistently with established rules. (Calvert v. Bradley, 16 How. 593.) Now, if we apply this principle, what are we to suppose the company meant by issuing the policy

with the indorsement that the loss, if any, should be paid to P. H. French? It was an admission by it that he had an interest in the contract and was to receive the benefit of it. The policy was at its inception assigned to him, with the assent of the company. (Bidwell *et al*. v. St. Louis Floating Dock and Insurance Co., 40 Mo. 42; Brown v. Roger Williams Insurance Co., 5 R. I. 394; National Fire Insurance Co. v. Crane, 16 Md. 260.)

I think the judgment of the court below was right and should be affirmed. The other judges concur.