GREAT LAKES COAL & COKE COMPANY, APPELLANT, v. SAM SEGALL ET AL., RESPONDENTS.—59 S. W. (2d) 775.

Kansas City Court of Appeals. May 1, 1933.

*Landis & Landis* for appellant.

*William Stone* (no brief) for respondents.

SHAIN, P. J.—This action was commenced in the Justice Court in Buchanan County, Missouri, by plaintiff Great Lakes Coal & Coke Company, an Illinois corporation, filing a petition asking to recover $97.60 as balance due from the defendants, Sam Segall and Benjamin Herman, copartners, doing business as Great Western Coal & Junk Company.

Trial in the justice court resulted in a verdict for the defendants, plaintiff appealed to the circuit court and jury trial in the circuit court resulted in a verdict for the defendants.

This cause was presented to this court on appeal with four (4) assignments of error, as follows:

"I. The court erred in admitting in evidence defendant's Exhibit 'D' and in giving defendant's Instruction 1, based on said exhibit.

"II. The court erred in admitting in evidence the records of the justice of the peace in the case of Minter v. Franklin County Coal Company, and also defendant's Exhibits 'B' and 'C.'

"III. The court erred in refusing Instruction A, offered by the plaintiff and in giving Instruction 2 on behalf of defendants.

"IV. The verdict of the jury is contrary to the evidence and the instructions and is clearly the result of passion and prejudice."

The record discloses that defendants in November, 1930, purchased and thereafter received from the Franklin County Mining Company a car of coal at the invoice price of $109.31. The plaintiff alleges an assignment of the said account of $109.31 against defendants and presents in the evidence an assignment in writing from the Franklin County Mining Company under date of November 28, 1930.

The record does not disclose that any question was raised by the defendants, as to this assignment being other than genuine and as given for and upon the consideration therein expressed. The defendants are shown to have accepted the assignment as genuine by their act of remitting $11.71 on said account to the plaintiff on or about February 21, 1931.

The defense to the action is based upon the fact that the defendant was summoned as garnishee in an action in the justice court by George C. Minter against the Franklin County Mining Company wherein Minter sued said company by attachment for debt of $82.95. This attachment suit was filed December 16, 1930. The service of garnishee, Great Western Coal & Junk Company, defendants herein, was had on the same day and the time for answer set for the 27th day of December, 1930. On December 27th the defendants filed answer to this garnishment admitting an indebtedness to Franklin County Mining Company in the sum of $109.31, as due January 10, 1931. On January 20, 1931, judgment was had against the defendants as garnishee in the sum of $82.95. On February 13, 1932, execution is shown as issued on this judgment and on February 18, 1932, execution is shown returned satisfied, garnishee having paid $92.60. The evidence discloses that the $92.60 represented the debt and costs. On February 21, 1932, $11.71 was remitted to plaintiff herein by the defendants.

It is shown that defendants retained and paid an attorney fee in the garnishment proceeding in the sum of $5. The contention of defendants is that the $11.71, $92.60 and $5 attorney fee totaling $109.31 is payment in full for the car of coal purchased. The evidence discloses that no attorney fee was allowed in the garnishment proceedings.

The plaintiff claims to have notified the defendants by letter dated November 28, 1930, of the assignment of the Franklin County Mining Company account to it. What purports to be this letter of November 28, 1930, is introduced by plaintiff and received in evidence without objection or comment. There is no showing as to when this letter was mailed and defendants deny ever having received such a letter.

Sam Segall, one of the copartners in the Great Western Coal & Junk Company, admits that there was received a communication from the plaintiff between the 10th and 12th of January, 1932, notifying the defendants of the assignment of the account by Franklin County Mining Company to plaintiff. This was nearly a month after service on defendants as garnishees and approximately fifteen days after the defendants had answered in the garnishment proceedings.

The real issue presented is as to whether or not the payments on execution of the $92.60 on February 13, 1932, the retention of the $5 attorney fee and the remittance by defendants to plaintiff on February 21, 1932, of the $11.71 all totaling $109.31, constitutes pay-

ment of the account and thereby bars the plaintiff from recovery from the defendants in this action.

Much of the evidence consists of documents and letters. Outside of objections made as to defendant's Exhibits D, B, and C and the records of the attachment and garnishment proceedings, there appears to be no exceptions taken to the introduction of the evidence. This being so, the documents and letters presented in the evidence, outside of those mentioned above, must be considered as proof of all of their contents that are germane to the issues involved herein.

The respondent has failed to file a brief for our consideration and we are left to gather from the record the defendants' position respecting the matters presented in the plaintiff's assignment of error.

The defendants' Exhibit D, which purports to be a statement of account for the car of coal, admittedly purchased from the Franklin County Mining Company by defendant, was admitted in evidence over the objection and exception of the plaintiff. The plaintiff is now presenting that the admission was error and further complains that it was error to give defendants' instruction No. 1 as based thereon.

The plaintiff presents that this statement of account was not properly identified. In consideration of the fact that it stands admitted that the coal was purchased from the Franklin County Mining Company and at the price designated we see no error in admitting same that can be based upon the reasons assigned. The plaintiff further presents the same as incompetent on the ground that it presents an unsworn declaration of an assignor made after the assignor has assigned the account to the plaintiff. We conclude that if error for this reason it is harmless for the defendant made no defense prior to interposing instruction No. 1 that in any way controverted the fact that the assignment was made upon the date claimed by plaintiff. The only contention presented in the progress of hearing evidence is that the defendant did not have notice of this assignment until between the 10th and 12th of January, 1932.

This court must of course give to defendants' testimony its most favorable inference. We are compelled therefore, in our review of this case, to infer that defendants had no notice of the assignment prior to January 12, 1931. This court must further conclude, by defendants' admission, that defendants on January 12, 1931, did have notice of a valid assignment of the Franklin County Mining Company to the plaintiff.

This brings us to the conclusion that plaintiff's right to recover for the whole amount sued for, if it has such right, is by reason of the fact that the defendants did admittedly have knowledge of the assignment prior to the date of judgment in the garnishment proceeding and prior to payment of that judgment by defendants.

We, therefore, conclude that there is nothing in defendants' Ex-

hibit "D" that materially affects the plaintiff's cause of action and if error the same is harmless.

As to defendants' instruction No. 1, we conclude that it interjects as issue of fact as to a matter that stands conceded. As before stated, the defendants nowhere base defense on the ground that the assignment was not made as alleged in plaintiff's petition except as shown in instruction No. 1. However, as the plaintiff herein presents in its instructions the issue as to whether or not there was an assignment it is in no position to complain as to defendants submitting that issue.

The plaintiff's second assignment of error is as to the admission in evidence of defendants' Exhibits "B" and "C," together with the justice of peace docket. Exhibit B is defendants' answer to interrogatory to the effect that defendants owed the Franklin County Mining Company $109.31 for coal purchased. Exhibit C is defendants' receipt for the $92.60 paid to the constable on execution in the garnishment proceeding.

Plaintiff's second specification of error, as set forth above, presents clearly the question as to whether or not the plaintiff was bound by the judgment entered by the justice of peace court against the defendants in the attachment suit brought against the Franklin County Mining Company and wherein defendants were garnisheed and wherein the plaintiff was not a party.

Similar issues to the above are presented in some of the earlier reported cases in this State. The case at bar presents an issue that may arise under different states of fact and the conclusion reached must, in each case, be based upon the state of facts as shown. Herein, we have an assignee of an account seeking to recover on the account in a suit against the debtor wherein the debtor in a suit by attachment against his original creditor has been summoned and answered as garnishee and as a result of the judgment in the garnishment proceeding has paid the amount owing to the constable in satisfaction of a duly issued execution issued in that case.

There are several situations possible that arise in respect to the debtors. Knowledge or want of knowledge concerning the assignment made by his original creditor, to-wit: As to knowledge before served as garnishee; as to knowledge after service but before answer; as to entire want of knowledge until after judgment and satisfaction on execution; and, as to knowledge after service and answer but before judgment or satisfaction under execution. The last stated situation is presented in this case.

The cases involving the issue here are few and as before stated are principally early declarations of the Supreme Court.

We find no Missouri case on all fours with the case as here presented. However, the Missouri statutes and the principles laid down

by our courts concerning the issue involved are conclusive as to the issue as presented in this case.

Various sections of our garnishment statutes when segregated would confuse the determination of the issue but when read together and considered in relation to statutory provisions as to pleading and in relation to interpretation by our courts the issue in this case is clarified.

Section 1402, Revised Statutes 1929, lays down the general principle whereby a garnishee may discharge himself. Section 1404 of the same chapter presents wherein claimants may interplead. Section 1422 of the same chapter presents wherein claimants may be made parties. Section 819, under civil procedure, presents for amendments before final judgment. One reading the above sections, with the thought in mind that law is reason, can harmonize the law to a rightful solution of the issue in this case.

The first case in Missouri presenting a clear and decisive statement concerning the issue herein was reported in 1849. This was before there was any statutory provision in this State to bring an assignee before the court. In this case, Quarles et al. v. Porter, 12 Mo. l. c. 83, the opinion says:

"Whilst we are sensible of the difficulties that present themselves, in holding that debts, evidenced by negotiable paper, may be attached in the hands of the payor, to satisfy an execution debt of the payee, yet such appears to us to be the statutory provisions of this State, and so this court have decided in the case of Scott et al. v. Hill et al., 3 Mo. R. 88, and St. Louis Perp. Ins. Co. v. Cohen, 9 Mo. R. 421; 3 Cond. R. 27 (a).

"The statute prescribes no mode by which an assignee can be brought before the court, and have his rights litigated. But as the judgment is not conclusive against him, unless he has notice and chooses to come in and interplead, he would have a right, at any subsequent time, before the money was paid over to the attaching creditor, to arrest the payment, or after payment, a right to his action, to recover it back; we apprehend no very serious injury could result to him."

The next clear pronouncement of this principle is found in Funkhouser et al. v. How, 17 Mo. 225. The Funkhouser case was again in the Supreme Court and is reported in the 24 Mo. at page 44. In the opinion reported in the 24th Mo., it is held that a judgment against a garnishee in attachment is no defense in a suit afterwards brought by an assignee. However, in that instance the language is shown as predicated in a case wherein the debtor having knowledge of the assignment had failed to set 'same up in his answer in garnishment.

In Marmaduke v. McMasters reported in 24 Mo. 51, at l. 'c. 52 and 53 of the opinion, the following is found:

"Judge TUCKER, in his Commentaries (2 vol. 107), maintains that it is the duty of the garnishee, if he have notice at any time before the money is paid over, although after judgment, to institute proceedings to prevent the execution of the sentence, and that if he fail to do so, he will be liable. This assumes that if the garnishee first come to the knowledge of the assignment after judgment against him, he is entitled to be relieved against the execution of the sentence; but whether this court would go that length in relieving a garnishee, without notice of the assignment, and therefore without fault, or would hold that the rights of the attaching creditor and garnishee were fixed by the judgment obtained in good faith and without collusion, is left for future discussion and decision, when the necessary fact shall be found and brought before the court, if it should then arise in the case."

The Funkhouser case, supra, has been followed and cited in Dobbins et al. v. Hyde et al., 37 Mo. 114, and also in Weil et al. v. Tyler, garnishee, 38 Mo. 558, and in Wilson v. Murphy et al., 45 Mo. 410.

In the Wilson case above, there is found, l. c. 411 and 12, the following:

"There is no danger that the garnishee will be compelled to pay his liability more than once. Our statute makes ample provisions (Wagn. Stat. 668, 25-6) for his protection; and if he neglects to avail himself of those provisions while the attachment proceedings are pending, it is no hardship to compel him to defend himself upon the merits in a suit by a claimant who has not been made a party to those proceedings."

The Wilson case is the last reported case, in so far as we have been able to find, in which the issue involved in this case has been up for review.

The Marmaduke v. McMasters case, supra, has not, in so far as we find, been since cited or commented upon and the language quoted above from that case appears to be the last utterance of the Supreme Court on the issue as is therein presented.

From the above and foregoing, we conclude that the attachment suit and garnishment proceeding presented in the defendants' Exhibit B and C and the records of the justice of peace court were, under the facts as shown by the evidence in this case and wherein knowledge of assignment is shown before the judgment, erroneously admitted in evidence and that the rulings upon the evidence and all instructions based upon that evidence presented a wrong theory to the jury and constitutes reversible error.

There are further assignments of error, however, in the light of the conclusions as stated above we see no occasion for taking up these other assignments further than to say that even under the theory on which this case was tried there should have been a verdict for the plaintiff in the sum of $5.

Of this case, the court would further say, that upon the same showing as presented by the evidence herein, if the improper evidence be excluded, the court would be justified in directing a verdict for the plaintiff.

For the above and foregoing reasons, judgment is reversed and cause remanded. All concur.