## GATES *vs.* KERBY.

If the maker of a note be notified of an assignment of it before he is summoned as a garnishee, the assignment constitutes a valid defence to the garnishment. If, however, this defence should prove unavailing under the garnishment, and judgment be rendered against him, it cannot affect the right of the assignee to recover the debt.

### APPEAL FROM MACON CIRCUIT COURT.

WILSON for appellant.

The court erred in giving the plaintiff's instructions, and also in refusing the 1st and 3rd instructions moved by appellant; both these instructions are sustained by the evidence in the cause. Wolf vs. Cozzens, 4 Mo. Rep. 431.

CLARK for appellee.

1. The written assignment of the note to him, conveyed to him the legal property in the same, and such assignment being made before Gates was garnisheed, he did not at the time he was so garnisheed owe the original payee any thing. 5 Mo. Rep. 433.

2. It appears by the record in this case, that Gates at the time he was summoned as garnishee, as well as when he answered under such summons, had notice of such assignment; consequently, any judgment he may have suffered, or payment made as the debtor of the original payee of the note, did not extinguish the right of the assignee, nor Gates' indebtedness to him by virtue of such assignment. 8 Mo. Rep. 367; 9 Mo. Rep. 442.

NAPTON, J., delivered the opinion of the court.

David R. Kerby, the appellee, sued Gates by petition and summons in the circuit court of Macon county, at the May term 1848, upon a note for one hundred dollars, executed by said Gates to one A. Q. Kerby on the 15th February 1845 and payable the 25th Dec. 1847. On the back of this note there was the following assignment. "This the second day of Feb. 1845, I assigned the within note for value received to David R. Kerby. Asa Q. Kerby."

Upon the trial it appeared that this assignment was executed the day after the note was given—that the assignment was made in consideration of an understanding by said David R. Kerby, the assignor's brother, to remove him (Asa Q.) to Putnam county and there furnish him with corn &c. That one Thomas Gun then had a judgment against the assignor—that the assignor informed the defendant Gates of the assignment, but did not recollect when.

One Holstead testified that he was present when the note sued on was executed—that the subject of A Q. Kerby's indebtedness was men-

tioned, and it was proposed to the assignor to give the note in the name of some other person to secure it from his creditors, but the assignor (A. Q. Kerby) replied, "that he had a place for the note, that he intended to assign it and get for it money to enter land in Putnam county, where he was about to go."

The defendant read in evidence a copy of the proceedings in the case of Gunn vs Gates. From this record it appears that Gunn had recovered a judgment against A. Q. Kerby for about $100, and that Gates was summoned as a garnishee—that interrogatories were propounded to said Gates, in answer to which he admitted indebtedness to Kerby, by a note, but stated that he had good reason to believe and did believe that said note had been assigned before the service of said garnishment. Judgment was given against Gates.

Instructions were asked in relation to the supposed fraud designed upon the creditors of A. Q. Kerby, which were given.

The instructions in relation to the assignment and the payment under the garnishee process, asked by the defendant, were refused. These instructions or opinions were substantially, that the judgment in the case of Gunn & Kerby, against Gates as garnishee was a bar to this action; and that it was the duty of the plaintiff, if he wished to protect his interest as assignee, to have interpleaded in that suit.

The court declared the law to be. 1. That if the garnishee was summoned after the assignment, and had notice of the assignment at that time, the plaintiff in this suit was entitled to recover. 2. That it was not the plaintiff's duty to interplead in the case of Gunn vs Kerby, unless he had notice of the garnishment. 3. If the note was assigned to the plaintiff before the defendant was garnisheed, the plaintiff was entitled to recover.

The plaintiff had a verdict and judgment.

It was held in this court in the case of Bates vs Martin, ( 3 Mo. Rep. 367,) that a payment of a note to the payer, after assignment, although no notice of the assignment was given, would not discharge the maker's liability to the assignee. This opinon was based upon the peculiar language of our statute, which provided that in actions by an assignee, the maker should be allowed every just set off and discount against the assignor *before assignment.* The most equitable doctrine is that which required the assignee to give notice, if he desired to be relieved from the effect of any transactions between the assignor and the maker of the note, subsequently to his becoming the holder of the security. St. Louis Per. Ins. Co. vs Cohen. 9 Mo. Rep. 442. The case of Wolf vs

Cozzens (4 Mo. Rep. 431) is not reconcilable with the previous one of Bates vs Martin, unless it turned upon a question of fraud, which is obscurely hinted at in the opinion.

In the present case the maker of the note was notified of the assignment, before he was summoned as a garnishee, and that assignment constituted a valid defence to the garnishment. That this defence proved to be unavailing in the suit of Gunn vs Kerby cannot affect the rights of the assignee, who is now plaintiff. He had his remedy and may not have lost it yet; but if he has, it has not been the fault of the present plaintiff.

Judgment affirmed.