FUNKHOUSER, *et al.*, Plaintiffs in Error, v. How, Defendant in Error.

1. A judgment against a garnishee in an attachment will not protect him against a subsequent recovery in favor of one who had, previously to the garnishment, taken an assignment of the debt from the defendant in the attachment.

2. Where a garnishee, having notice of an assignment by the defendant in the attachment, fails to set up this matter as a defence to the garnishment, and a judgment is rendered against him, and he pays over the money to the attaching creditor; *held*, that the assignee is not entitled to recover the amount so paid from such attaching creditor, although such creditor had notice of the assignment during the pendency of the garnishment.

*Error to St. Louis Court of Common Pleas.*

Plaintiffs state in their petition substantially that on the 16th day of April, 1850, one Thomas Crew caused the life of Jacob Lesher to be insured for his own benefit by the Phœnix Life Insurance company in the sum of $500 ; that Lesher died March 1st, 1851 ; that on the 3d of July, 1851, Thos. Crew assigned said policy to Micajah B. Crew ; that said Micajah, on the 2d day of August, 1851, assigned the same to plaintiffs ; that " about the 1st of May, 1852, the defendant, under color of some judicial proceedings, commenced after the assignments aforesaid, and to which neither said Micajah nor these plaintiffs were parties, wrongfully and unjustly required and compelled said insurance company to pay to him said sum of $500, and has received said sum in discharge of the obligation of said company under said policy. Plaintiffs state that said sum of right belongs to them ; that the same has never been paid to them, and they ask judgment against the defendant therefor with interest," &c.

The finding of the facts by the court is as follows : " On the 16th day of April, 1850, Thomas Crew caused the life of Jacob Lesher to be insured by the Phœnix Life Insurance company for the benefit of said Crew, in the sum of $500 ; about the 1st day of March, 1851, and while the policy of insurance was

subsisting, said Lesher died, and said Crew became entitled, according to the terms of the policy, to receive of said company the sum of $500. On the 3d of July, 1851, Thomas Crew, for a valuable consideration, assigned said policy to Micajah B. Crew. On the 2d of August, Micajah B. Crew assigned the said policy to the plaintiffs; but there does not appear to have been any consideration for the last named assignment, except so far as is to be presumed from the fact of the assignment. The agent of the said company (Wetzell) made said contract of insurance with said Thomas Crew for said company, and received the premium therefor. After the death of said Lesher, said agent forwarded notice thereof and proofs to the said company, that the loss might be adjusted; but said proofs being informal, were returned to said agent to be corrected. Said proofs were formally corrected, and forwarded again by said agent to said company. Thomas Crew, before and on the 1st day of March, 1851, being indebted to the firm of How, Claflin & Cook, said firm on the 5th day of August, 1851, instituted suit in this court by attachment against said Crew to recover the sum of $625 37 then due, and caused said insurance company to be summoned as garnishee in said cause on the 5th day of August, 1851. The said company filed its answer on the 26th January, 1852, in which no mention was made of any assignment, and judgment on said attachment suit was rendered against said Thomas Crew on the 20th day of March, 1852, for $659 62, and against said insurance company on the garnishment, on the 20th day of March, 1852, for $480 80, the balance confessed, less $19 20 appropriated to the costs of said suit. Before the company adjusted and allowed the loss, and after the company had been garnisheed and before the company answered, plaintiffs brought to said company the policy with the assignments thereon, and claimed the benefit thereof. They were informed by said company of the existence of the garnishment, and the defendant was soon informed by the company of the claim of the plain-

4—VOL. XXIV.

tiffs. Thereafter and on the 14th day of January, 1852, the said company acted upon the proofs of loss, and allowed, in the name of Thomas Crew, $500 under said policy. The firm of How, Claflin & Cook was composed of John How, William Claflin and Robert Cook. Pending the attachment and garnishment, and on the 1st day of March, 1852, the plaintiffs moved the court for leave to interplead for said fund, which motion was overruled by the court. The plaintiffs were all this time residents of and doing business in the city of St. Louis. After judgment had been rendered against the said insurance company upon its answer as garnishee of said Thomas Crew, the company paid to the attorney of How, Claflin & Cook the amount of said judgment—$480 80—which sum the said attorney paid to said How, C. & C. a few days after the assignment by Thomas Crew to Micajah B. Crew; and Thomas Crew gave notice thereof to the aforesaid agent of the insurance company. No notice of the assignment by Micajah B. Crew to the plaintiffs was given until shortly after the garnishment answer was filed and before any judgment was rendered. Thos. & M. B. Crew and the said agent of the insurance company were residents of the state of Illinois. Whereupon the court declares that the plaintiffs are not entitled to recover, and gives judgment for the defendant."

A motion for a review having been overruled, the cause was brought to this court by the plaintiffs by writ of error.

*J. A. Kasson* and *R. M. Field*, for plaintiffs in error.

I. The defendant received the money of plaintiffs with notice of their rights, and is liable to pay over to them. (Colcord v. Daggett, 18 Mo. 560 ; Quarles v. Porter, 12 Mo. 83 ; Powers v. Heath's Adm'r, 80 Mo. 331.)

II. The attaching creditor can acquire no greater rights against the garnishee than the judgment debtor had, with the single exception of fraud. (Drake on attachment, § 677.) At the time in question, Thomas Crew, the judgment debtor, had no rights at all. They had been assigned. Therefore How ac-

Funkhouser v. How.

quired no right to the fund, and must pay to the party entitled. (Stevens v. Stevens, 1 Ashmead, 190 ; Hudson v. Robinson, 4 M. & S. 478.)

*Krum & Harding*, for defendant in error.

LEONARD, Judge, delivered the opinion of the court.

In Gates v. Kirby, (13 Mo. 175,) the maker of a promissory note, being sued for the money by one to whom it had been assigned, pleaded that he had been previously garnisheed as the debtor of the original payee, and condemned to pay the debt to the attaching creditor, although he had relied in his answer upon the fact of the assignment as a defence to the attachment. This defence was overruled in the original court, and the assignee recovered his debt against the maker. The judgment was affirmed here upon appeal, this court saying, " the assignment constituted a valid defence to the garnishment. That this defence proved unavailing, can not affect the rights of the assignee. He (the garnishee) had his remedy, and may not have lost it yet; but if he has, it has not been the fault of the present plaintiff." And this decision, we think, is the legitimate result of acknowledged legal principles. The attachment arrested the debt in the hands of the garnishee, if it were then owing to the attached debtor, and not otherwise. The assignment of the note had however previously transferred the debt to the assignee, and the adjudication between the attaching creditor and the garnishee, that the debt was due to the original payee, did not touch the rights of the assignee, who was a stranger to the proceeding. Although, in Quarles & Thompson v. Porter, (12 Mo. 83,) the judge who delivered the opinion of the court, speaking in reference to the effect of a judgment against the garnishee upon the rights of an assignee of the debt, remarks : " The statute prescribes no mode by which an assignee can be brought before the court and have his rights litigated; but as the judgment is not conclusive against him unless he has notice and chooses to come in and in-

terplead, he would have a right at any subsequent time, before the money was paid over to the attaching creditor, to arrest the judgment, or after payment a right to his action to recover it back;" and again, in Colcord & Hall v. Daggett, (18 Mo. 56,) it is said by the judge who delivered the opinion there : " Daggett [the maker] will be indemnified in paying the note to the plaintiffs [the attaching creditors], who will become liable to the real holder, should he prove not to be Solomon Sublett [the attached debtor] ;" yet it is to be observed, that these remarks were, in both cases, mere *obiter dicta*, and not the very matter decided in either ; while, in the case to which we have just referred, it was the very point in judgment, and constitutes that case a direct authority, that the judgment against the garnishee does not divest a prior assignee of his original right of action against his own debtor. Assuming this to be correct, it would seem to follow, as a necessary consequence, that the assignee can not sue the attaching creditor and recover back from him what the latter has received pursuant to the condemnation in his favor against the garnishee. That recovery is, as to the assignee, who does not become a party to the record by interpleading, *res inter alios acta;* and of course his rights are not affected by it either for good or evil. It does not divest him of his property by annulling his just claim against his own debtor ; and of course confers upon him no right to follow the debt into the hands of the attaching creditor. Although, as a general rule, judicial proceedings are, as far as practicable, so conducted as to render the performance of judicial sentences safe to the parties who are required to obey them, yet this can only be effected by requiring all persons in interest to become parties to the proceeding. It is a fundamental principle upon which all security for private rights rests, and which never gives way to any other, that no one is bound by a judicial proceeding to which he is not a party, or at least of which he has not had notice and might have become a party. It was competent for the legislature to provide a mode, upon the attachment of debts, of giving notice there-

of, and to require all persons interested to interpose their claims; but they have not done so, and it is not in our power to remedy the omission by declaring the ex parte condemnation against the debtor, now allowed by law, to be conclusive upon the rights of strangers. The sentence binds the parties to the proceeding; but we can not allow it to do more without violating a principle essential to the preservation of private rights. The evil complained of proceeds from an infirmity incident to all ex parte sentences, and we can not remove it without producing still greater evils. The remedy of the party who pays under such circumstances must be against the attached debtor. As between these parties, the garnishee may recover for money paid by him to the use of the debtor towards satisfying the judgment.

It is argued, however, that even although the assignee can not be compelled to surrender his rights against his own debtor, and to seek the recovery of his debt from the attaching creditor, yet there can be no objection to his doing so, if he be willing to accept of that remedy. The answer to this, however, is, that the attaching creditor has also acquired rights under the sentence which would be violated by such a proceeding. The allegation of the creditor is, that the garnishee is indebted to the attached debtor, and such is the sentence of the court upon a contest of this matter between the attaching creditor and garnishee. As between these parties, the sentence is conclusive as to such indebtedness, not only against the garnishee, but also in favor of the attaching creditor. That fact is the very foundation of the condemnation. It is the very question litigated and contested between the parties, and pronounced upon by the sentence. It will be readily admitted that the garnishee, after sentence and judgment, can not recover the money back from the attaching creditor upon an allegation that the debt was not owing to the attached debtor as the sentence supposed; and the reason is, that this matter has already been judicially passed upon between these parties, and therefore, as to them, is *res judicata*—a truth that neither can contest as long as the

sentence stands. It seems to be supposed, however, that the validity of the sentence depends on the *truth* of the fact upon which it was predicated, and that this fact is therefore open for discusssion, notwithstanding the sentence. It is suggested that, where corporeal property, either real or personal, is attached, the lien of the attachment is upon the rights of the debtor in the thing attached, and not upon the thing itself so as to conclude the rights of others; and that this is the case also in reference to the garnishment of debts, and that therefore, in the latter case as in the former, the attaching creditor acquires only such right to the attached debt as his debtor himself had, and no more. Hence it is argued that it is competent for the real owner of the debt to follow it in the hands of the attaching creditor, and recover it from him, in like manner as if it were corporeal property. But we think there is a manifest distinction between the cases. Where a debtor is garnisheed, the question, as we have before remarked, contested between the parties to that issue, and passed upon by the sentence of condemnation, is the fact of the garnishee's indebtedness to the attached debtor; while, in the other case, no question is made between the original plaintiff and defendant to the suit as to the title of the latter to the attached property, and of course that matter is not concluded by the recovery so as to bind the rights of strangers to the judgment. In the one case, the question of title to the corporeal property attached has not been passed upon between plaintiff and defendant in the attachment suit, and therefore is open for discussion to all parties interested; in the other, the fact of the garnishee's indebtedness to the attached creditor has been judicially determined between the parties to that issue, and for that reason can not be again brought into litigation by either of them, or by a stranger seeking to recover from the attaching creditor the fruits of his judgment, upon the ground that the garnishee was not indebted to the attached debtor, as was adjudged. The sentence binds parties; and privies and strangers, whose rights are not touched by it, can not be allowed to draw its validity into question for

the purpose of divesting either party of rights acquired under it against the other.

The court, as before remarked, decided, in Gates v. Kirby, that a judgment against a garnishee did not protect him against a subsequent recovery on the part of the assignee of the note, and we but follow that decision to its legitimate results when we declare, as we now do, that in such case the assignee can not sue the attaching creditor, but is confined to his original remedy against his own debtor. Applying this doctrine to the case now before us, and limiting it to the facts of the case, the result is, the judgment must be affirmed. The garnishee had notice of the assignment of the debt to the plaintiff before he answered; he omitted to set up this matter in his defence, and has paid over the money to the attaching creditor according to the sentence. Under these circumstances, without at present going further, we are of opinion that the plaintiff can not recover against this defendant, although the former had notice of the pending of the garnishment against his debtor, and did not interplead, and although, too, the present defendant was informed, during the same time, of the alleged assignment to the plaintiff. Judge Ryland concurring, the judgment is affirmed.

Scott, Judge, dissents.