Dickey v. Fox.

DICKEY *et al.*, Appellants, v. FOX, Respondent.

24 217
33a 320

1. Where in an attachment suit against the payee of a note, who had previously assigned the same, the maker thereof was garnished, and judgment obtained against him, and payment enforced: *held*, that the assignee was not entitled to recover from the plaintiff in the attachment the sum so paid.

*Appeal from Carroll Circuit Court.*

A. P. Mullins executed a note under seal to Dewey, dated October 1, 1852, for $110, payable October 1, 1854. This note contained the words " negotiable and payable without defalcation or discount, which said amount may be discharged in good young cattle at market price." This note was assigned by Dewey to the plaintiffs in the present suit. The date of the assignment is August 18, 1853. Fox, the defendant in the present action, commenced suit September 10, 1853, against Dewey, and summoned Mullins as garnishee. Judgment was obtained in this proceeding and payment enforced. Dickey and Blue, the assignees, on the 20th October, 1855, demanded of Fox the money so received by him, and upon his refusal to pay it, brought the present action.

A demurrer to a petition setting forth the above facts was sustained; and this is the error complained of.

*Gardenhire*, for appellants.

I. The note, though it might be paid in property, was assignable, and the debt vested in the assignees at law. (R. C. 1845, p. 190.) A payment to the assignor would have been for their use, and so of payment to his creditor. That the payment was by compulsion of law makes no difference. (13 Mo. 158.) The assignees were not parties to that suit, and are in no' way affected by it. *Res inter alios acta alteri nocere non debet.* (Broom, 735.) They have a right to say the judgment was wrong, and, whether obtained by collusion or otherwise, is none of their business. There need be no privity of contract between the parties, in order to support this action,

Dickey v. Fox.

except that which results from one man's having another's money, which he has no right conscientiously to keep. (4 Mass. 95 ; 17 Mass. 563 ; ib. 579 ; 5 Conn. 71 ; 15 ib. 52 ; 4 Dana, 70 ; 12 Ala. 778 ; 10 53.) There is no priority between the finder of money lost and the owner who lost it ; between the person who, through fraud or deceit, acquires the money of another, and the person of whom it was acquired ; between one who has taken the fees of an officer, claiming a right so to do, and another who has title to them ; yet, in all these cases, the action for money had and received may be maintained. (5 Conn. 71, 75 ; 9 Johns. 201 ; ib. 370 ; 12 Mo. 83 ; 18 Mo. 557.)

LEONARD, Judge, delivered the opinion of the court.

The principles settled and acted upon in Gates against Kirby, (13 Mo. 158,) and in Howe against Funkhouser, decided at the St. Louis spring term, 1856, (the opinion in which was filed at the succeeding fall term,) are applicable here, and must control the decision in this case.

We are told that the bond was payable " without discount or defalcation," and. assigned to the plaintiff before the maker was garnished, and that therefore neither a voluntary payment nor a compulsory payment in a proceeding to which the plaintiff was a stranger could have the effect of divesting him of his debt. If this be so, and we think it is, then, according to Gates v. Kirby, the plaintiff still retains his original right of action against his own debtor. And, according to the case of Howe v. Funkhouser, the mere fact (no fraud or collusion being here suggested) that the present defendant obtained a recovery against the maker of the note as the supposed debtor of the original payee, gives the assignee no right to follow the money thus recovered and wrest it from the attaching creditor upon the ground that it was obtained under the supposition that the attached debt was, at the time of the garnishment, still owing to the original payee. The judgment is affirmed.