MILES G. DOBBINS AND GEORGE PARSONS, Respondents, *v.* EDWARD C. HYDE AND LEMUEL W. PATTERSON, Appellants.

1. *Attachment—Estoppel—Record.*—A judgment against a garnishee summoned in an attachment suit is conclusive only upon parties to the suit, and does not affect strangers to the record. (Funkhouser v. How, 24 Mo. 44.)
2. *Practice—Alien Enemy—Rebellion.*—A defendant in a suit brought or prosecuted by citizens residing in the States affected by the act of Congress of July 17, 1862, p. 590, "to suppress insurrection," &c., to avail himself as a defence of the disability created by that act, must allege the facts in his pleadings.

*Appeal from the St. Louis Court of Common Pleas.*

*Knight*, for appellants.

I. It appeared in evidence that the plaintiffs could have no *persona standi in judicio*, being public enemies, and the first instruction should have been given. (1 Gall. 366; U. S. v. 127 pkgs., 11 Am. L. Reg., 2 N. S., 419 ; U. S. v. 100 bbls., 12 Am. L. R.; 3 N. S., 735 ; Mrs. Alexander's cotton, 2 Wall. U. S. 404.) Although at common law it was usual to require the defence of alien enemies to be pleaded either in abatement or bar, yet this defence might be given in evidence under the general issue. (1 Chit. Pl. 476, & note ; 3 Chit. Pl. 911,

& note ; 3 Phill. Ev., Cowan, H. & Es. notes, 437 ; 2 Gall. 345, note 1036, et seq.) The old rule of practice, that a plea to the merits waives matters in abatement, no longer obtains in our courts under the new system of pleadings. (R. C. 1855, p. 1232 ; Andrews v. Lynch, 29 Mo. 167.)

Questions of jurisdiction may be raised at any stage of the proceeding in suits *in rem.* (Ward v. Thompson, Newb. Ad. 95.)

II. It being admitted by the pleadings and proved on the trial that defendants had been previously garnished on account of the property in question in the attachment suits in the Common Pleas Court ; interrogatories filed, and defendants having appeared and answered thereto, the jurisdiction of the Common Pleas Court had vested as to said attached property, which was *in custodia legis* from the date of garnishment. (Freeman v. Howe, 24 How. 450 ; Drake Attach. §§ 452–3 & 621 ; Wallace v. McConnell, 13 Pet. 136 ; Shofield v. Bradlee, 8 Martin, 495.)

III. The record of judgment in the Common Pleas Court, and the other facts set up in the answer as new matter of defence, were a complete bar to this action. There was no denial of this new matter of defence, and the record and other new matter stood as confessed. (R. C. 1865, p. 1233.) The record being in evidence without objection, could not be attacked collaterally.

IV. There is no evidence that defendants did not make a diligent defence in the garnishment suit. On the contrary, their answer to the interrogatories is full and complete denial of their indebtedness to defendant in that case. There never having been any delivery to plaintiffs, they could not maintain replevin. Douglass might have held the goods as against them, and of course his creditors, after service of attachment, had the same right. (Coggill v. H. & N. H. R.R. Co. 3 Gray, 545 ; Haven v. Emory, 33 N. H. 36 ; 2 Kent, 497.)

*Rankin*, for respondents.

The question of " public enemy " cannot lawfully be con-

sidered in this court in this case, and it was properly rejected in the court below for the following reasons: 1. The plaintiffs had no warning that they would be required to show affirmatively that they resided in one of the loyal States at the time of the trial. "Alien" or "public enemy" must be pleaded in abatement, or in bar. Two years expired after the President's proclamation before the trial, yet the defendants did not set up this defence, or mention it in their answer. 2. The evidence offered on the subject amounts to nothing, and would not have supported the plea of "public enemy," had it been raised by the answer.

Mr. Chitty says, " Thus, though we have seen that under the general issue it might formerly have been given in evidence, that at the time this contract was made the plaintiff was an alien enemy, yet if the disability accrued by war after the contract was made, the same should be pleaded specially," &c. (1. Chit. Pl. 476–9 ; 3 Camp. 152 ; 15 East. 260 ; 3 Chit. Pl. 911 & note ; Russell v. Skipwett, 6 Bin. 241 ; 2 Greenl. Ev., 6th ed., p. 21, § 19, and cases there cited.) The same doctrine obtains as to the plea of public enemy. Public enemy must be alleged. (Act of Congress July 17, 1862, &c. ; Laws U. S. 1861–2, p. 587.)

WAGNER, Judge, delivered the opinion of the court.

This was an action brought under the statute for the claim and delivery of personal property, to recover possession of a lot of corn alleged by plaintiffs to belong to them and wrongfully withheld by defendants. Defendants, appellants here, denied in their answer that respondents were the owners of, and entitled to the corn, and as a further defence they stated that before the commencement of this suit they were summoned as garnishees in three attachments suits pending in the St. Louis Court of Common Pleas, wherein one John T. Douglass was defendant, and that interrogatories were duly propounded to them touching their indebtedness to said Douglass on account of said corn. And that although in their said answer they denied all indebtedness as garnishees of

Douglass, the court gave judgment against them and they were compelled to pay the value of the corn. The case was tried before the court without the intervention of a jury. The respondent proves by John T. Douglass, a commission merchant of St. Louis, that in August, 1860, he purchased the corn in question for them, with their money, and that he had no interest in it; that he stowed the corn with appellants and took from them a warehouse receipt, which he endorsed or assigned to respondents, and that they well knew of such assignment; that on the 12th of October, 1860, he notified the appellants in writing that the said corn belonged to respondents.

On cross-examination, witness stated that at the time of the institution of this suit the respondents were inhabitants of the State of Georgia, and were inhabitants of that State at the last time they were heard from by their correspondents in St. Louis.

The appellants then offered in evidence a transcript of the record from the St. Louis Court of Common Pleas, in the case wherein they had been summoned as garnishees of Douglass and judgment given against them. In their answer to the interrogatories, after making a formal denial, they stated that they had in their possession, stored in their warehouse, 403 sacks of corn, stored with them by said Douglass in his own name, and for which they gave said Douglass a warehouse receipt; that on the 10th day of October, 1860, the day they were summoned as garnishees, they delivered the 403 sacks of corn to the sheriff of St. Louis county; that the sheriff left the same in their possession subject to his order; that they retained the same until the 25th day of January, 1861, when by order of the sheriff they delivered the corn to Dobbins & Parsons, the respondents here.

It is observable that the appellants in their answer on the garnishment made no mention of the claim of the respondents, or that they were notified of the assignment of the warehouse receipt.

Two propositions are urged by the appellants as grounds

for the reversal of the judgment: 1. That they were discharged from all liability by the proceedings in the garnishment case, and that the record and proceedings in that case constitute a bar to appellant's action ; and 2. That appellants were public enemies, and therefore could not maintain a suit in our courts.

We are unable to distinguish this case from that of Funkhouser v. How ( 24 Mo. 44), where it was held that a judgment against a garnishee, in an attachment, will not protect him against a subsequent recovery in favor of one who had previously to the garnishment taken an assignment of the debt from the defendant in the attachment. And Judge Leonard, delivering the opinion of the court said : " It is a fundamental principle upon which all security for private rights rests, and which never gives way to any other, that no one is bound by a judicial proceeding to which he is not a party, or at least of which he has not had notice and might have become a party. It was competent for the Legislature to provide a mode, upon the attachment of debts, of giving notice thereof, and to require all persons interested to interpose their claims ; but they have not done so, and it is not in our power to remedy the omission by declaring the *ex parte* condemnation against the debtor now allowed by law to be exclusive upon the rights of strangers. The sentence binds the parties to the proceedings ; but we cannot allow it to do more without violating a principle essential to the preservation of private rights. The evil complained of proceeds from an infirmity incident to all *ex parte* sentences, and we cannot remove it without producing still greater evils. The remedy of the party who pays under such circumstances must be against the attached debtor. As between these parties, the garnishee may recover for money paid by him to the use of the debtor towards satisfying the judgment."

In the case at bar it was not merely an assignment, but the property had never belonged to the debtor. The garnishee had notice of this before he answered; he neglected to set up this matter in his defence, and has paid over the money

in obedience to the judgment. And even had he set up this defence and it had proved unavailing, it would not have exonerated him in a suit brought by the real owner. He had his remedy and should have pursued it. (Gates v. Kirby, 13 Mo. 157; Dickey v. Fox, 24 Mo. 217; Funkhouser v. How, *ubi supra*.)

By the act of Congress " to suppress insurrection, to punish treason and rebellion, to seize and confiscate the property of rebels, and for other purposes," approved July 17, 1862, any person owning property in the loyal States who has given assistance, aid and comfort to the rebellion, is prohibited, after the passage of the act, from conveying or transferring any such property; and it is a sufficient bar to any suit brought by such person for the possession or use of such property, to allege and prove that he is one of the persons described in the act. (Laws U. S. 1861–2, p. 590.) But the party who wishes to avail himself of the disability prescribed in the act as a defence, must allege the fact as well as prove it.

There must be an allegation of the matter contained in the petition or answer, so that an issue can be had thereon. It being entirely omitted in the answer in this case, the court committed no error in disregarding the evidence on that point.

The judgment is affirmed. Judge Holmes concurs; Judge Lovelace absent.