JESSE WILSON, Appellant, *v.* JOHN T. MURPHY *et al.*, Respondents.

1. *Bills and notes, action on — Averments as to title — Pre-existing indebtedness — Manner of acquiring ownership — Allegation as to, immaterial.* — In a suit on a promissory note, the petition alleged that the payer transferred the note to plaintiff "for a valuable consideration to the payee in hand paid." *Held,* that proof showing the note to have been sold plaintiff in satisfaction of a pre-existing debt, sufficiently sustained the averment of the petition in regard to title. Under such averment the only material fact to be established was that of ownership; and the manner of acquiring it, whether by purchase with cash or other property, or by a discharge of pre-existing indebtedness, is of no importance.

2. *Bills and notes, suits on* — *Pendency of attachment suit wherein defendant was garnishee, no defense, when.* — In a suit on a note by the assignee of the payee against the makers, the pendency of an attachment suit against the payee, wherein the makers were sued as garnishees, would constitute no defense if the assignment was in fact made before the garnishment. The pendency of the attachment might be pleaded in bar, provided the defense alleged that the note sued on was, *e. g.*, in fact still the property of the attachment debtor, and not simply charged by the creditor as his property. The garnishee may protect himself from liability to double payment by conforming to the requirements of the statute. (Wagn. Stat. 668, §§ 25–6.)

### *Appeal from Fifth District Court.*

*Hall & Oliver*, for appellant.

*McFerran & Collier*, for respondents.

BLISS, Judge, delivered the opinion of the court.

The plaintiff sues upon a promissory note executed by defendants to one Perry K. Wilson, who sells and delivers the same to him. The petition states that the payee "sold and transferred by delivery said note to plaintiff for a valuable consideration to the said Perry K. Wilson in hand paid by plaintiff;" and defendant denies that said payee "sold and transferred by delivery said note for a valuable consideration to the said Perry K. Wilson in hand paid by the plaintiff, as stated in said petition." The evidence shows that the note was sold to the plaintiff and received by him in satisfaction of a debt due him by the payee; and the defendants claim that the evidence fails to sustain the averment of the petition in regard to the title. It is plain that the petition should show the authority of the plaintiff to bring his suit; and when he does not sue as payee, he must show his title to the note. But in this case he has averred more than is necessary; for it does not matter whether the consideration for the sale of the instrument be paid in hand or otherwise, and he may bring the suit upon it, even though he do not hold it as absolute owner. The issue, then, made by the answer is an immaterial one, for the right of the plaintiff to sue in his own name is not denied by it. It does not deny the title, but only the manner of acquiring it, which is of no importance; and even if the issue had been fairly

made, it would only have been necessary to establish the material fact of ownership—whether by purchase with cash in hand, with other property, or by a discharge of a pre-existing indebtedness.

The defendants also set up as a defense, proceedings in attachment by Isaac K. Murphy against said Perry K. Wilson, the payee of the note, in which they were garnisheed as its makers, and show that such proceedings are pending and undetermined, and ask that the proceedings in this cause be postponed until the determination of the attachment suit. This part of the answer was, at the instance of the plaintiff, stricken out, and judgment was rendered for him, which was reversed in the District Court.

It has been long settled in Missouri that a recovery, by an attaching creditor, of the amount supposed to be due his debtor, by a garnishee, is no defense to an action by an assignee of such debtor against such garnishee, if the assignment be in fact made before the service of the garnishment. The original attachment suit is *res inter alios acta*, and can not conclude the rights of those who are not parties; nor is the assignee under obligation, unless notified under section 25, p. 668, Wagner's Statutes, to come in and interplead. (Gates v. Kirby, 13 Mo. 157; Funkhouser v. How, 24 Mo. 44; Dickey v. Fox, *id.* 217; Dobbins v. Hyde, 37 Mo. 114.) Nor can the pendency of a suit in attachment be pleaded in abatement. The plaintiff can not be compelled to suspend his action to await that of others. To thus hold would offer a bounty to collusion and fraud, and make the rights of the plaintiff depend upon the decision of a cause in which he was not a party; and besides, what would be the use of a delay when a final judgment against a garnishee would not protect him against a liability to the assignee? A pending suit in attachment might doubtless be pleaded in bar, provided facts were set forth, in addition, sufficient to constitute a bar—as that the note was in fact still the property of the attachment debtor, and not simply charged by the creditor as his property. (Davis v. Paulette, 3 Wis. 300; Mason v. Norman, 7 Wis. 609.)

There is no danger that the garnishee will be compelled to pay his liability more than once. Our statute makes ample provisions (Wagn. Stat. 668, §§ 25–6) for his protection; and if he

neglects to avail himself of those provisions while the attachment proceedings are pending, it is no hardship to compel him to defend himself upon the merits in a suit by a claimant who has not been made a party to those proceedings. It is unnecessary to consider the instructions to the jury and the various rulings of the court which appear in the record, as they were but different modes of raising the same questions.

The action of the Circuit Court was substantially correct, and the judgment of the District Court is reversed. The other judges concur.