THOMAS E. HOLLAND, Respondent, v. SAMUEL H. SMIT
ET AL., Appellants.

July 5, 1881.

In an action on a promissory note by the second indorsee against the maker,
where it appears that the note was originally given and subsequently
transferred to the first and second indorsee for value; that the maker had
paid the same to a creditor of the payee under a judgment in a garnish-
ment proceeding in which the transfer by the payee to the plaintiff's in-
dorser was attacked for fraud, of which proceeding the plaintiff had
notice, but to which he was not made a party, is no defence.

APPEAL from the St. Louis Circuit Court, ADAMS, J.
*Affirmed.*

J. G. LODGE, for the appellants.

J. L. TORREY, for the respondent.

BAKEWELL, J., delivered the opinion of the court.

The amended petition states that defendants executed their
note, dated April 22, 1879, to the order of Charles Kraed-
ler, for $800 and interest; that, before maturity, Charles
Kraedler sold and delivered this note for value to Jennie
Kraedler; that Jennie Kraedler, on January 3, 1880,
assigned the same by indorsement for value to plaintiff;
that $200 was paid on account of the note, on October 28,
1879, and that the balance is due plaintiff.

The defendants filed separate answers, in which they set
up that H. M. Smit was merely accommodation indorser
on the note; that, in addition to the $200 paid on October
28th, there was paid a further sum of $24.40 on account of
interest; they also allege that J. G. Lodge had judgment
against Charles Kraedler before Justice Farrell for $200, at
the time of the alleged assignment of the note of Jennie
Kraedler; that Charles and Jennie Kraedler are husband
and wife, and that the assignment of Jennie Kraedler was
without consideration, and made to defraud Lodge, and

hinder the collection of his judgment; that, on July 24, 1879, Lodge caused an *alias* execution to issue on this judgment against Charles Kraedler, and caused the defendant Samuel to be summoned as garnishee of Charles Kraedler; that the garnishee answered; that plaintiff had notice of these garnishment proceedings, and appeared by attorney; that, on trial, there was a judgment against the garnishee for $278.45, including costs, which he paid. Defendants ask credit on the note for these amounts.

The jury found for the plaintiff, $643.41, and there was judgment accordingly.

The evidence was contradictory as to whether or not the assignment to Mrs. Kraedler was made in good faith for a valuable consideration. There was no evidence that plaintiff was represented before the justice in the garnishment proceedings. It appeared that when he bought the note from Mrs. Kraedler, she told him of the garnishment, and that he consulted an attorney before taking the note. At the time plaintiff bought the note this action had already been begun in the name of Mrs. Kraedler, her husband being joined with her as co-plaintiff. The trial court excluded all evidence as to the garnishment proceedings before the justice. There is nothing in the record from which we can see what instructions were given or refused. As the jury found for plaintiff, we must take it, for the purposes of this case, that the note was owned by Mrs. Kraedler, and that, being the owner of it, she assigned it to plaintiff for a valuable consideration. This being so, defendants were not prejudiced by the action of the trial court in excluding the testimony as to the garnishment proceedings before the justice. If Holland owned the note at the date of the proceeding against Smit as garnishee of Charles Kraedler, the judgment in that case could not affect him, unless he appeared and contested the matter, or was in some way made a party to the proceeding. If the maker of a promissory note is notified of the assignment, the assignment is a valid de-

fence ; if, however, he makes the defence, and judgment is nevertheless rendered against the garnishee, the rights of the assignee of the note against the maker are not thereby affected.    *Gates* v. *Kerby*, 13 Mo. 157 ; *Funkhouser* v. *How*, 24 Mo. 44 ; *Dickey* v. *Fox*, 24 Mo. 217.    In the present case it does not appear that the maker of the note was aware of the assignment to Holland, whilst Holland did know that Smit had been summoned as garnishee of Charles Kraedler, the original payee of the note.    The contest in the garnishment proceeding was *res inter alios acta*, and could not bind Holland, who was not made a party.    Nor do we see that he was estopped.    Let it be granted that, with full knowledge of what was going on, he stood by and saw Smit pay this money to the judgment creditor of Charles Kraedler, this was on a finding, in a proceeding to which he was not a party, that the assignment by Charles Kraedler to his wife was fraudulent and void, and that the note belonged, not to Mrs. Kraedler, Holland's assignor, but to Charles Kraedler, the original payee of the note.    Had Holland notified Smit that he was the owner of the note by assignment from Mrs. Kraedler, such notice would not have helped Smit in the contest in the garnishment proceeding, for Holland's title was derived only through Mrs. Kraedler, and the establishment of her ownership of the note in the garnishment proceeding would in itself have necessitated a discharge of the garnishee.    It may seem hard that Smit, having been compelled once to make a payment on the note to a creditor of Charles Kraedler on the theory that the assignment by Kraedler to his wife was a sham, should be compelled to pay the money again to the assignee of Mrs. Kraedler on the theory that that transfer of the note from Kraedler to his wife was valid.    But Holland was not bound to defend the transaction between Kraedler and his wife in the garnishment proceeding to which he was not a party ; he is not bound by that judgment.

It may be said that, this note being past due and unnego-

tiable, Holland took it subject to any infirmities and to all equities between the parties to the paper. But what is this defence of the maker alleged to have arisen after the assignment and before notice to the maker of assignment? Not that the maker has made a payment in ignorance of Holland's claim to the note ; but, that he has made a payment on the theory that the payee of the note was still the owner of it, the propriety and legality of which is not at all affected by the assignment to Holland. The assignment to Holland in no way affected the question of assignment to Jennie Kraedler. The question is not of a payment to plaintiff's assignor in ignorance of the assignment whilst plaintiff stood by and made no sign. The assignee of this paper took it subject to all defences that the maker had. The maker was properly allowed credit in this action for money paid by him to Charles Kraedler on account of the note whilst the note was owned by Charles Kraedler ; but if the maker made payment on account of the note to Kraedler, after Kraedler had assigned the same before maturity for value, that would be no defence against Kraedler's assignee. If Mrs. Kraedler acquired the note before maturity, for value, and after maturity assigned it for value to plaintiff, as the jury have found, we do not see how the plaintiff's right to recover against the maker can be affected by the fact that the maker, at the time that plaintiff got the note, was summoned as garnishee of Kraedler, who no longer owned the note, and that judgment went against Kraedler in this garnishment proceeding to which plaintiff was not a party.

The jury in this case having found that the transfer of the note to Jennie Kraedler was made in good faith for a valuable consideration, and there being no dispute that the note was given originally for value, and it having been transferred to plaintiff for value before any recovery had against Smit as garnishee of the original payee, we think the fact that in another suit to which plaintiff in this

action was not a party, it has been found that Jennie Kraedler was not the owner of the note at the time of its transfer by her, and that Charles Kraedler then owned it, and the further fact that in consequence of such finding the maker has been compelled, since the transfer to plaintiff, to make a partial payment on the note to a creditor of Charles Kraedler, is no defence to this action, it not appearing that by any act or negligence of plaintiff, the maker has been misled or put in a worse position. Plaintiff stands in the shoes of his assignor, and had Jennie Kraedler appeared before the justice and claimed the debt, and had judgment gone against her on the interplea, before the assignment, the plaintiff, as her assignee, would have been bound by such judgment; but nothing of the sort is pretended in this case. *Richardson* v. *Jones*, 16 Mo. 177.

The papers relating to the garnishment proceeding were excluded on the trial upon grounds to which it is not necessary to allude, and which we need not examine. It is enough that for the reasons stated, their exclusion could not prejudice appellant's case.

The judgment will be affirmed. All the judges concur.