JOHN B. GREEN, Appellant, v. THOMAS F. TIMMONS, Respondent.

| 28a | 459 |
| 33a | 320 |
| 28 | 454 |
| 63 | 107 |

St. Louis Court of Appeals, January 3, 1888.

1. PETITION—CAUSE OF ACTION.—The petition states that D., M. & Co. were indebted to the plaintiff, and were garnished by the defendant as debtors of another person who bore the same initials and surname with the plaintiff, but to whom they owed nothing; that D., M. & Co. answered, admitting their indebtedness to the plaintiff by the name stated, not knowing that there was another person having the same name; and judgment was rendered against them on the garnishment, in favor of the defendant, who collected the money thereon. Judgment is prayed for the amount so collected by the defendant. *Held*, that the petition shows no cause of action.

2. GARNISHMENT—JUDGMENT CONCLUSIVE.—A judgment in garnishment is conclusive against the garnishee, and in favor of the plaintiff therein, although the same debt may be rightfully claimed by another person.

APPEAL from the St. Louis Circuit Court, HON. DANIEL DILLON, Judge.

*Affirmed.*

BRECK. JONES, for the appellant: When, by attachment and garnishment, a plaintiff has collected from a garnishee, the garnishee acting in good faith, money not due the defendant in attachment, but another person of identical name, such plaintiff must refund such money at the suit of the rightful creditor of the garnishee, the rightful creditor having had no notice of the attachment proceedings until after judgment and money paid over. *Meyer v. Foulkrod*, 4 Wash. C. C. 505; Freeman on Judgments, secs. 286, 288; *Embra & Collins v. Hanna*, 5 Johns. 101. The garnishee was justified in answering that he did owe J. B. Green, and identity of name was *prima-facie* evidence of identity of person. 1 Green-

leaf's Evid. [13 Ed.] sec. 575, note 1.   So in trade generally, and in tracing titles.   *Gill v. Watson*, 18 Mo. 274; *Flournoy v. Warden*, 17 Mo. 435.   Where one receives money which, *ex aequo et bono*, belongs to another, the law implies a promise on the part of the person receiving it to pay it over to the true owner.   4 Waite's Actions and Defenses, title, "Money Received."   *Robbins v. Ins. Co.*, 12 Mo 380.

Rowe & Morris, for the respondents.

Thompson, J., delivered the opinion of the court.

This appeal is prosecuted from a judgment of the circuit court in sustaining a demurrer to the following petition:

"Now comes plaintiff, John Byron Green, and by leave of court first had and obtained, files this his amended petition and states:

"That he is a citizen of, and resides in, the city of Waco and state of Texas.

"That, in the year 1884, the firm of Daly, Miller & Company, of East St. Louis, state of Illinois, was indebted to him in a large sum of money, to-wit, two hundred and eighty-nine dollars and seventy-six cents, and that he had traded with said Daly, Miller & Company as 'J. B. Green' and was known to them only by these said initials of his name.

"That, during said year, there was owing to the defendant, Thomas F. Timmons, a debt by one J. B. Green, who then, or had formerly, resided in Abilene, Texas.

"That plaintiff, John Byron Green, is not the J. B. Green who lives in Abilene, Texas, and knows nothing of him, and is not now, and has never been, in any way indebted to the defendant herein.

"That, to-wit, on the — day of October, 1884, the defendant herein sued out a writ of attachment on his said debt against J. B. Green (the debtor being the J. B. Green of Abilene, and not this plaintiff) before a justice

of the peace in East St. Louis, Illinois, and under said writ garnished all moneys, debts, and credits of 'J. B. Green' in the hands of said Daly, Miller & Company.

"That said garnishees were then indebted to this plaintiff, as aforesaid, under this name as 'J. B. Green,' but were not at the time they were served with said garnishment, nor were they at any time during the pendency of said attachment suit, in any way indebted to the other J. B. Green above described, who was the debtor of the said Timmons.

"That the said garnishees being, at the time of the service of said garnishment, indebted to plaintiff, 'J. B. Green,' of Texas, as aforesaid, and not knowing or having any reason to believe that the J. B. Green of Texas, who was the defendant in the said attachment suit, was any other than the J. B. Green to whom they were indebted, did, as in law they were bound to do, duly answer to said garnishment that they, the garnishees, were indebted to 'J. B. Green,' as above stated.

"That, pursuant to answer of garnishees, judgment was entered against said garnishees in favor of said Timmons, who is defendant herein, and pursuant thereto, in due course of law, said Timmons received and appropriated to his own use, and to payment of costs of his said suit, the said sum of money so owing by said Daly, Miller & Company to this plaintiff as aforesaid.

"That plaintiff had no notice of the pendency of said suit until long after judgment against said garnishees and the said money was paid over as aforesaid.

"That defendant has, by the means aforesaid, under the forms and cloak of the law, wrongfully and without cause or consideration appropriated to his own use and liability the said sum of plaintiff's money, to-wit, $289.76.

"That although plaintiff has fully explained the said wrong and injustice to defendant, and demanded return of said money, yet defendant has failed and refused, and still refuses, to pay to plaintiff the said money or any part thereof.

"Wherefore, plaintiff prays judgment against defendant for $289.76 with interest from the filing of this suit until paid, for costs and proper relief."

This case is decided against the plaintiff by the cases of *Funkhouser v. How* (24 Mo. 44), and *Dickey v. Fox* (24 Mo. 217), where it was held that if, in a suit by attachment against the payee of a note who has previously assigned the same, the maker thereof is garnished, and judgment is rendered against him as garnishee, and payment enforced, the assignee of the note will not be entitled to recover, from the plaintiff in the attachment, the sum so paid, but that his only remedy is against the maker, his own debtor. In *Gates v. Kerby* (13 Mo. 157), it had been previously held that in such a case the assignee of the note can recover upon it against the maker, notwithstanding the latter had previously been compelled, in a proceeding by garnishment, to pay the amount of it to a creditor of the original payee ; and we followed and applied the same doctrine in *Holland v. Smit* (11 Mo. App. 6). There can be no difference in principle between the two cases first cited and the present case. We appreciate the force of the reasoning of Chief-Justice Kent, in *Embree v. Hanna* (5 Johns. 101), and of Mr. Justice Washington, in *Mayer v. Foulkrod* (4 Wash. C. C. 503). We are also disposed to concede that the principle ruled in the court of Exchecquer Chamber, in *Philips v. Hunter* (2 H. Bl. 402), would warrant a recovery in this case. I wish to add for myself alone, without undertaking to speak for my associates, the opinion that, where a man puts in operation judicial process and thereby gets possession of the money of a stranger to the suit, it is dishonest for him to keep it as against the real owner, and that the law ought to give to the real owner an action against him to recover it. But whatever our conclusion as a court might be if the question were *res nova*, we are bound by controlling judicial authority to affirm this judgment. It is so ordered. All the judges concur.