CANN, Respondent, v. THE RECTOR, WARDENS
AND VESTRYMEN OF THE CHURCH OF THE
HOLY REDEEMER, Appellant.

St. Louis Court of Appeals, December 11, 1906.

1. AGENCY: Corporations: President of Vestry: Board of Trus-
tees. The legal questions involved in this case were deter-
mined in a former consideration of the same issues. (Cann et
al. v. Rector, Wardens and Vestrymen of the Church of the
Redeemer, 111 Mo. App. 164.)

2. ———: ———: Appointment of Agent by Board of Trustees.
The vestry, the governing body of a church, could authorize
the rector, who was president of the vestry, to act as its agent
in certain transactions without passing a formal resolution
for that purpose; oral authority from a majority of the mem-
bers, given during a session of the body, was sufficient.

3. ———: ———: ———: Jury Question. In an action brought
by a firm of architects against the officers and vestry of a
church to recover compensation for making plans for a build-
ing, where the evidence tended to show that some of the
members of the vestry, while it was in session, stated to the
rector in the hearing of the other members who expressed
no dissent, that he was authorized to direct the preparation
of the plans, this was sufficient to submit to the jury the
question whether such authority was given.

4. ———: ———: ———: Authority of Agent. And where in
such case the contract originally made with the architects by
the vestry provided that the plans might be rejected if unsat-
isfactory, the vestry could not reject the plans for that rea-
son after they had been prepared under the direction of the
rector authorized by them to direct their preparation.

Appeal from St. Louis City Circuit Court.—*Hon. Jesse
A. McDonald*, Judge.

Affirmed.

*Robert E. Collins* and *Douglas W. Robert* for ap-
pellant.

(1) The demurrer to the evidence should have been
sustained for the reason: (a) That there is no evidence

that a majority of the vestry in meeting assembled gave authority to Doctor Trotman to direct the architects as to the kind of building and character of materials to be used. Cann v. Church of the Redeemer, 111 Mo. App. 164. (b) The assent of one or two of the vestry to Doctor Trotman's directing the architects was not enough. There were six members present beside Doctor Trotman, the rector, and the only evidence as to anything of this nature was Roland Switzer's testimony that one or two, and he was not certain as to whether there were two, said to Doctor Trotman, "to go ahead and get the plans and specifications out and the church along." Two were not a majority of the members present. Colonization Ass'n v. Hennessey, 11 Mo. App. 560; Edgerly v. Emerson, 23 N. H. 558; Cram v. Bangor House, 12 Me. 359. (c) The plans were to be satisfactory to the vestry, and hence there could be no recovery. Dinsmore v. Livingston Co., 60 Mo. 241; Williams v. Railroad, 112 Mo. 463, 153 Mo. 487; Eldridge v. Fuhr, 59 Mo. App. 44; Blaine v. Knapp, 140 Mo. l. c. 250, and cases therein approved; Williams v. Railroad, 85 Mo. App. 210; McCormick v. Finch, 100 Id. 642; Barrett v. Coal Co., 51 W. Va. 416; Seely v. Wells, 120 Pa. St. 69; Singerly v. Thayer, 108 Id. 291; Pennington v. Howland, 41 Alt. (R. I.) 890; Brown v. Foster, 113 Mass. 136; 17 L. R. A. 207.

*John A. Blevins* and *X. P. Wifley* for respondent.

(1) The evidence tends to show that Trotman had authority to act for the defendant and to advise and direct the architects with reference to the work to be done by them in preparing the plans and specifications for the new church, and the court properly submitted the issue to the jury. Cann v. Rector, Wardens, etc., 111 Mo. App. 164; Williams v. Christian Female College, 29 Mo. 250; Jones v. Williams, 139 Mo. 1; Hull v. Jones, 69 Mo. 587; Bank v. Bank, 36 Md. 23; Hoffcut on

Agency, par. 102; Sharp v. Knox, 48 Mo. App. 169. (2) In determining whether or not Trotman was authorized to act for the defendant, all the facts and circumstances in evidence are to be considered. (a) Agency is a question of fact to be proven as any other fact. The rule is well established by a long line of decisions that agency may be shown by circumstances, the conduct of the party, their relation, etc. Mosby v. Commission Co., 91 Mo. App. 500; Werth v. Ollis, 61 Mo. App. 401. (b) The acts of a corporation may be proved by the testimony of witnesses in the same manner as in the case of individuals. Taussig v. Railroad, 166 Mo. 28; Hotel Co. v. Newman, 30 Mo. 118; 2 Cook on Corporations (4 Ed.), sec. 14; Melledge v. Boston Co., 59 Mass. 158; Hall v. Herter, 83 Hun 19. (c) Defendant having in the contract denominated Trotman as agent it is in no position to deny his authority. Defendant is estopped from so doing. Ratcliff v. Lumpee, 82 Mo. App. 339; Bunce v. Beck, 46 Mo. 332. (d) Trotman as chief officer and treasurer of defendant corporation, at least assumed authority to act for the defendant in carrying out the work which the corporation had declared its purpose to do. No one else had been designated to act for the defendant. Respondent and Switzer dealt with him, believing that he possessed the authority to act for the corporation. The board or vestry of the defendant knew that he was acting for the defendant. Under such circumstances, the corporation is bound, though Trotman may have exceeded his authority. Lungstrass v. Ins. Co., 57 Mo. 107; Rosenbaum v. Gillian, 101 Mo. App. 126; Moore v. First Ruthven Church, 117 Iowa 33; Norwegian E. Church v. U. S. Fidelity Co., 81 Minn. 32; Hackett v. Van Frank, 105 Mo. App. 384; Nicholson v. Golden, 27 Mo. App. 132. (e) Trotman being the chief officer of the defendant corporation, and having assumed to act for the defendant in the preparation of the plans for the new church, the presumption arises that he had author-

ity from the defendant so to do, and the burden was on defendant to show the contrary. Burkamp v. Healy, 72 S. W. 759; Roth v. Wire Co., 94 Mo. App. 236; Ins. Co. v. St. Mary's Seminary, 52 Mo. 480; Campbell v. Pope, 96 Mo. 472. (3) As there was evidence tending to prove Trotman's agency to act for the defendant, the weight of such evidence was a question for the jury. The jury having found for the respondent on that issue, the appellate court will not interfere with its verdict. Flynn v. Transit Co., 113 Mo. App. 200.

GOODE, J.—The legal propositions involved in the present case were determined by this court on a previous appeal. [Cann et al. v. Rector, Wardens and Vestrymen Church Redeemer, 111 Mo. App. 164.] The trial leading to the first appeal resulted in the circuit court holding the plaintiffs could not recover under the evidence adduced; whereupon they took a nonsuit and a motion to set the same aside having been overruled, brought the case here for review and it devolved on this court to examine the evidence in its various aspects in order to ascertain if plaintiffs had established a prima facie case. The action was one to recover compensation alleged to be due the plaintiffs Cann and Switzer for services rendered to defendant, a religious corporation, in the preparation of plans and specifications for a church édifice. Reverend Charles A. Trotman was rector of the Church of the Redeemer and president of its vestry. The evidence for the plaintiffs tended to show the plans and specifications were prepared under his direction and authority, and for a building to suit his expressed wishes. One term of the written contract with the architects was that the plans and specifications should be satisfactory to the owners; that is to say, the vestry or governing body of the church. Said body rejected the plans as prepared by the architects, because the vestrymen thought the cost of building in accordance with them

would be too great. To meet this objection plaintiffs introduced testimony tending, as said, to show they acted under the direction of the rector in preparing the plans. Other testimony introduced by plaintiffs tended to show the rector had express authority to give directions; or, if he had no express authority, had an incidental authority as president of the vestry; or, in default of either form of authority, the church was bound to pay plaintiffs because the vestry ratified what the rector had done after learning of it. On the questions thus presented for our decision we held there was no evidence going to show express authority in the rector to determine for what sort of an edifice plans and specifications should be prepared; that he had no incidental power, by virtue of his office, to give such directions, and that there was no evidence to show the vestry had ratified his conduct. The evidence contained in the former record regarding his express authority in the matter of the preparation of plans and specifications, consisted chiefly of the testimony of the secretary of the vestry, Roland Switzer. This witness swore that at a vestry meeting on December 1, 1902, when Dr. Trotman was authorized to sign the written contract employing plaintiffs, one or two members of the vestry told Dr. Trotman he was given full authority to act for the vestry in all business connected with the erection of the new church and to conduct it as he saw fit. On a perusal of said portion of the witness's testimony we held he had gathered his impression from isolated remarks made by the vestrymen after the adjournment of the meeting; holding at the same time that the vestry had power, while in session and without adopting a formal resolution, to clothe the rector with authority to control the architects and give instructions regarding the preparation of plans and specifications. But in treating this point we said there was an absence of evidence going to show a majority of the vestrymen had assented at any time while in session, to

the rector's directing the architects.    After the disposition of the first appeal Henry R. Switzer, one of the original plaintiffs, assigned his interest in the demand to his partner W. A. Cann, and the latter instituted the present action to recover the fees claimed by the firm. The case came on for trial and Roland Switzer, secretary of the vestry and son of Henry Switzer, in testifying as to what transpired at the meeting of the vestry on December 1, 1902, gave a statement of facts different from the one given at the first trial in this: he swore that the statement by one or two of the vestrymen to Dr. Trotman regarding the latter's authority to control the preparation of plans and specifications, was made during the meeting of the vestry, in the presence and hearing of all the members and that the witness knew all of them heard the statement.    The witness said Dr. Trotman was told by either one or two of the vestrymen, and maybe by more, that authority had been given him to go ahead and get the plans and specifications out and get the church along; that he had authority to go ahead and get the church up and to direct the architects. Switzer admitted swearing at the former trial, these statements were made after the adjournment of the board, and explained the change in his testimony by saying he was so confused and harassed by the cross-examination that he fell into a mistake.    Some other testimony and various circumstances are relied on in addition to Roland Switzer's testimony by plaintiff to show Dr. Trotman was vested with authority to direct the architects in preparing the plans and specifications.    In view of the statement of facts contained in the opinion on the former appeal, we deem it unnecessary to go further into the facts at present.    Instead of doing so we will refer the reader to the recital then given.    However, it should be remarked that evidence was adduced at the second trial to show the vestry acted in good faith in rejecting the architects' plans and not through a dishonest

motive.   Hence, at said trial the court predicated plaintiff's right of recovery on a single issue, to-wit; a finding by the jury that during the session of the vestry on December 1, 1902, said governing body as a whole, authorized Dr. Trotman to look after the preparation of the plans, specifications and drawings for the proposed edifice, to direct the architects in their preparation and advise what kind of a house was wanted and the character of material to be used in it.   The jury were told to find for the plaintiff if they found such authority was given and Dr. Trotman, pursuant to it, did advise and direct the architects in the matter mentioned, and the architects followed his directions in preparing the plans and specifications.   This issue of fact was submitted in various phases, in numerous instructions given at the request of defendant.   A verdict was returned in favor of plaintiff for $3,092.50, and defendant appealed.

The principal error assigned is that the court should have directed a verdict for the defendant, because there was no evidence to show express authority was conferred on Dr. Trotman by the vestry to act as its agent in overseeing and directing the preparation of the proposed plans and specifications.   Counsel for defendant go into an analysis of Roland Switzer's testimony in an attempt to demonstrate it did not tend to show the requisite authority was conferred on the rector.   The witness said one or two of the vestry, maybe more, stated to the rector immediately after he was authorized to sign the written contract, that he was authorized also to go on with the building of the church and direct the architects. The witness said, too, that he knew all the other members heard these remarks.   A formal resolution was not essential to clothe the president and rector with authority to act as agent of the vestry.   Oral authority from the majority of the members, given during a session of the body, was sufficient.   This was decided on the first appeal, and we invoke again as conclusive the authorities

then cited in support of the propositions. [Jones v. Williams, 139 Mo. 1, 39 S. W. 486, 40 S. W. 353; Bank v. Gilstrap, 45 Mo. 409; Williams v. Christian Female College, 29 Mo. 250.] Switzer's testimony did not establish as a legal conclusion authority in the rector, but was to be weighed by the jury in determining the question. This was the view the court took. The jury were told to find the fact of whether or not the alleged authority was given by the vestry. The announcement to the rector of the extent of his authority by one or more members in the hearing of the others, who expressed no dissent, certainly is evidence of what his authority was. This is the point in decision in Williams v. College, supra. If an agent is appointed and clothed with power to represent a corporation without adopting a formal resolution, some member of the board of trustees or directors usually will act as spokesman and tell the agent what powers he may exercise, and every member is not expected to express himself. Much of the argument to us on this question is, in effect, an appeal to us to weigh the evidence. Stress is laid on the testimony of other witnesses who swore in contradiction of Switzer, and on the unreasonableness of the latter's testimony. He was not wholly uncorroborated. Many circumstances indicate the vestry knew what their rector was doing, and understood he was controlling the architects and having plans made to suit himself. But plainly these matters were for the jury.

We cannot accept the proposition that if the vestry was dissatisfied with the plans, it had a right to reject them notwithstanding their preparation according to instructions given by Dr. Trotman pursuant to an express grant of authority from the vestry. No doubt, under the written contract with the architects, the vestry had the right to reject the plans if they were not satisfactory; but if, instead of exercising this right, it chose to delegate control of the matter to an agent whom the ar-

chitects obeyed, the corporation was bound by the agent's doings.

Numerous minor errors were assigned and we have examined them; but think they are not of sufficient merit to require separate comment. No ground for reversing the judgment has been shown and it will be affirmed. All concur.